Washington,
  *March,*
  1836.

Isaac Gray, Jr. *vs.* Moses Sheldon, Jr.

The statute in relation to erecting or altering school districts, requires that they should be defined by geographical limits, and be made to consist of *territory* and not of *persons.*

This was an action of trespass on the case, to recover of defendant, as prudential committee of district No. 14, in the town of Calais, on the alleged ground that the plaintiff not being an inhabitant of the district, and having no property liable to be taxed there, was aggrieved by being taxed by defendant.    The only question necessary to be noticed here, arose in the court below on the construction of a vote of the town of Calais in town meeting, in these words :  " To set plaintiff to district No. 3:"

It being admitted that the plaintiff was an inhabitant of district No. 14 previous to the vote, if that had no legal effect to transfer him to district No. 3, he still remained liable to be taxed as he was by defendant.

The county court held the vote sufficient to transfer the plaintiff and his farm to district No. 3 ; and that, not being liable to be longer taxed in No. 14, the assessment was illegal, and the plaintiff entitled to recover ; and directed a verdict for plaintiff, and allowed exceptions, and the case comes here for revision.

*L. B. Peck and S. B. Prentiss for defendant.*—1.    The plaintiff was liable to be assessed for taxes in district No. 14, unless, by the vote of the town, his real estate or farm was set off and annexed to district No. 3.

The vote was, " to set off Isaac Gray, jr. to school district No. 3."    The farm, not like personal property, passing with the person, is not annexed to district No. 3, unless it is included within the terms of this vote.    Not being expressly mentioned, and no words used which comprehended it, it did not pass.    Had the plaintiff lived in one district and his farm been situated in another, it would be very clear the vote would not pass the farm.    And can the location of the person and the property alter the effect of the vote ?

The vote was of no effect—not defining or fixing the limits of the district, but leaving them to fluctuate and change with every change of the residence of the inhabitant.—7 Pick. 106—12 do. 206—4 N. H. R. 478.

2.    The action should have been *trespass* and not *case.*—11 Mass. 220—16 do. 213—13 do. 282—15 do 144—10 do. 17—7 Conn. R. 550—5 do. 190—2 Greenleaf, 375—2 Vt. R. 499.

*Messrs. Merrill and Spalding, contra.*

The opinion of the court was delivered by

REDFIELD, J.—The decision of this question depends upon the construction the court give to the statute authorizing the subdivision of towns into school districts.  Towns are required to " define and determine the limits of such school districts."  And a description of the same, and any alteration made therein, is required to be recorded in the town clerk's office.  From the language of this statute, it cannot be doubted the legislature intended that school districts should be defined by *geographical limits*;—otherwise, it would not amount to a *subdivision* of the town.  If it were attempted to describe school districts by the names of the inhabitants, and as is frequently the case, the same person owned real estate in different sections of the town, it must lead to endless uncertainty and confusion.  We believe such has been the contemporaneous construction of the earlier statutes upon this subject, which contained similar provisions.  We are not aware that any different practical construction of the act to any considerable extent has obtained.— And as the contrary doctrine must leave the limits of school districts to be determined by oral testimony, we are not inclined to adopt it.  After the subdivision of a town into school districts, and years of acquiscence, the division should be held sufficient, notwithstanding any formality in the vote or record.  But when school districts have been long established within known boundaries, every reason would seem to require that those boundaries should not be changed except in conformity with the existing laws.

The same rule of construction has been adopted in some of the neighboring states in relation to similar statutes.—7 Pick. 106—13 do. 206—4 N. H. R. 478.

The same doctrine was held by this court in the case of *Dow* vs. *Smith*, 7 Vt. R. 465, in relation to the mode of setting out the limits of a village.

Whether the action should have been *trespass* or *case*, it is not necessary to be here decided.  It is very certain that trespass is the most usual remedy, and by far the most appropriate form of action.  For the abuse of legal process, *case* will lie ; but for any act done under void process, the appropriate remedy is *trespass*.  If this plaintiff had not been liable to taxation in district No. 14, the whole proceeding would have been *coram non judice*.  But as we hold he was liable to be there taxed, the form of action is not material.

The judgment of the county court is therefore reversed, and the plaintiff become *non suit*.