WASHINGTON
March,
1838.

ASAPH PIERCE *v.* DON P. CARPENTER.

School districts must be composed of territory, and have *geographical lim-its.* These limits must be defined by the vote of the town meeting, or such directions must be given by the vote, as that the limits may be ascertained.

THIS was an action of trespass for a cow. Plea—the general issue, and notice that the cow in question was taken by virtue of a process against school district No. 4, in the town of Moretown. The regularity of the process, and the taking of the cow under such process, were admitted. The defendant proved that the plaintiff had, for more than ten years, resided within the limits of school district No. 4, in Moretown, up to the commencement of the present action, unless the limits of said district were altered by a recent vote of the town, and that, during all that time, and for years before, said school district had been reputed and known as a school district, by certain limits, including the farm on which the plaintiff resided.

The plaintiff offered evidence of the proceedings of the town of Moretown, at their annual March meeting, in the year 1836, by which, in pursuance of an article in the warning, it was voted to erect certain *individuals*, including the plaintiff, into a separate school district, and also further proceedings of such district towards an organization. It also appeared that this vote, at the adjourned meeting in April following, was rescinded.

The plaintiff also introduced a copy, from the records of said Moretown, of a survey of the said separate district, which included the plaintiff's farm. But it did not appear that such survey was made by the authority of the town.

The county court directed a verdict for the defendant, to which direction the plaintiff excepted.

*W. Upham,* for plaintiff.

*P. Dillingham,* jr. and *L. B. Peck,* for defendant.

1. The vote, setting off the plaintiff and others into a district by themselves, is void. The act of 1827, 2 Comp. stat. § 2, p. 136, requires that, when a new district is created, it shall be defined by geographical limits, and be made to consist of *territory,* and not of *persons.* By the vote in question, the new district is made to consist of *persons,* and not

of *territory.* This does not answer the requirements of the statute. *Gray* v. *Sheldon,* 8 Vt. R. 402. *Cutting* v. *Stone,* 7 do. 471. *Withington* v. *Everleth,* 7 Pick, 106. *Perry* v. *Dover,* 12 do. 206. *Johnson* v. *Dole,* 4 N. H. Rep. 478. The record of the survey does not cure the objection, as it does not appear by whom, or by whose authority it was made. To give it validity, it should appear to have been made by the direction of the town. The difficulty is, there is no vote of the town authorizing or recognizing the survey.

2. The vote, passed at the adjourned meeting in April, rescinding the first vote, destroyed its effect. These votes are to be regarded as having been passed at one and the same meeting. The right of towns to create new districts, and to alter or abolish existing districts, is clearly recognized by the act of 1827 ; and, as the town had the power to divide district No. 4, at their annual meeting in March, so the same authority warranted the vote, at the adjourned meeting, avoiding that act.

The opinion of the Court was delivered by

COLLAMER, J.—School districts, by our statute, must be formed by the inhabitants of the town, at a legal meeting, warned for that purpose, and be composed of *territory* with *geographical limits,* defined by such meeting. This is clearly necessary, when we consider, that all land is taxable in the district where situated, and the listers are required, in the list, to designate in what district it is situated. This principle was decided in *Gray* v. *Sheldon,* 8 Vt. R. 402. In this case, the vote of the town was thus ; " voted that A Pierce," and others named, " be set into a district by themselves." This speaks only of *persons.* It makes no intimation of *land,* much less defines any. It is impossible to say this defines and determines the *limits,* as the statute requires.

The plaintiff puts into the case, what is called, a survey of this contemplated district, which he insists *defines* it. The law requires that the *town* shall define the limits. This survey is entirely without authority or direction from the town, nor is there any proof that it was ever recognized, approved, or ratified by the town. The limits must be defined by the *vote of the town,* or the vote must contain such directions as will render its limits capable of being definitely ascertained.

Judgment of the county court affirmed.