## Harvey Hewett v. John Miller, Jr.

A town may, by vote, annex a portion of its inhabitants to a district in an adjoining town, which shall consent to receive them; but although the effect of this is so to extend the corporate jurisdiction of such district, as to embrace the persons thus annexed, together with the property subject to taxation belonging to them in the particular territory inhabited by them, yet the *territory* is not itself annexed to the district, as it is, in a case where a district is formed from territory belonging to two towns, by a concurrent vote of both towns.

And the arrangement between a town and a district in an adjoining town, by which the town, by vote, annexes some of its inhabitants to such district, and the district consents to receive them, is not to be regarded as a compact, absolutely and perpetually binding, but as a mere license and temporary consent on both sides, and therefore subject to be revoked or cancelled by either party.

And the town, in such case, may at any time, by vote, resume its jurisdiction over its citizens, and dissolve their connection with the district, without the intervention of a board of three justices of the peace, as is required, when a district has been formed from territory in two towns by a concurrent vote of both towns.

TRESPASS for taking a draft chain. Plea, the general issue, with notice of special matter of defence, and trial by jury, May Term, 1847,—REDFIELD, J., presiding. On trial the facts appeared as follows.

In the year 1816 there was duly formed and organized in the town of Barnard a school district, numbered eleven, which adjoined the town of Pomfret, and which ever after continued to be organized and to do business. In March, 1828, the town of Pomfret, at a town meeting duly warned, voted to annex certain inhabitants of the town of Pomfret, naming them, " to school district No. 11 in the town of Barnard,"—reciting in the vote, that that district had signified a willingness to receive them. There was no record proof of a vote by the district to receive such persons, but only the testimony of a witness, that, at some meeting of the district, when he was present, immediately previous to the town meeting in Pomfret, such a vote was passed. It appeared, that the records of the district, until subsequent to that time, were not now in existence. The persons, thus annexed, from that time acted with the said district, attending and participating in the district meetings, acting as officers of the district, and sending to and aiding in sustaining the schools therein. The town of Pomfret, at a town meeting held on the sixth of March, 1838, appointed a committee to fix geographical lines and bounds to the several school districts in town; and at a town meeting, held on the fourth of September, 1838, the committee made their report, defining district No. 16 in Pomfret by geographical lines, and describing it as " attached to No. 11 in Barnard;"—and it appeared, that the territory, thus described as annexed to No. 11 in Barnard, was composed of the same land, which

constituted the farms of the persons set to said district by the town of Pomfret in March, 1828.   The town of Pomfret, at a town meeting held on the sixteenth of April, 1842, by vote, constituted a new school distict in said town, numbered fifteen, and defined by geographical lines, which included a part of the inhabitants annexed to district No. 11 in 1828, and a part of the territory defined as district No. 16, and described as attached to district No. 11 in Barnard, in the proceedings of the town of Pomfret in 1838, and included the plaintiff, who resided on a farm, which was occupied, in 1828, by one of the persons who were annexed to the district in Barnard.   The defendant was collector of taxes in district No. 11, and distrained and sold, in due form of law, the property sued for in this action, by virtue of a regular rate bill and warrant, made and delivered to him in pursuance of a vote of said district, at a meeting legally warned and held on the second day of May, 1846, assessing a tax upon the grand lists of the members of said district for the year 1845.

Upon these facts the county court rendered judgment for the plaintiff.   Exceptions by defendant.

*E. Hutchinson* for defendant.

The defendant insists, that the plaintiff was a rateable inhabitant of school district No. 11 in Barnard, at the time the tax in question was voted.

1.  It is shown, that that district was duly organized in 1816, and that in 1828 the farm now occupied by the plaintiff was legally annexed to said district by a concurrent vote of said district and of the town of Pomfret, according to the provisions of sec. 8 of the statute of 1827. [Thomp. St. 139.] It is true, that the vote of Pomfret was informal, in annexing to said district only the inhabitants, by name, instead of the lands.   But both the town of Pomfret and the district, as well as the persons annexed, ever afterwards treated the lands as in fact belonging to said district; and the defect, if any, was cured by the proceedings of the town in 1838. There being no records of the district, until subsequent to 1828, in existence, parol evidence of the vote of the district, assenting to the annexation, was admissible.   *Hutchinson* v. *Pratt et al.,* 11 Vt. 404, 421.

2. But the county court have found the existence in fact of a district embracing those farms in Pomfret, known by the name of district No. 11, in Barnard, since the year 1828, under color of a legal organization ; and an organization in fact, where none appears of record, may as properly be proved by reputation, under sec. 8 of the statute of 1827, as under the older statutes. *Barns* v. *Barns*, 6 Vt. 393. *Gray* v. *Sheldon*, 8 Vt. 403. *Thomas* v. *Gibson*, 11 Vt. 607. *Pierce* v. *Carpenter*, 10 Vt. 480. *Sherwin* v. *Bugbee*, 16 Vt. 443.

3. That organization could be dissolved only by the intervention of two justices of the peace, in the mode described by the statute of 1828; Thomp. St. 145, re-enacted in substance, in Rev. St. 115, sec. 21, 22. But if it might be legally dissolved by a concurrent vote of the. town of Pomfret and the district, (which is questionable,) it could not be by vote of either *one*, without the concurrence of the other.

But it is said, that the original votes, if legal, could only affect those persons originally set to said district, and not others subsequently residing upon the same lands. Upon that construction, such of those persons, as may have removed to other districts, are still members of that district and liable to taxation therein, while such persons, as may have moved in, upon the farms left by them, do not belong to any district.

*Tracy & Converse* for plaintiff.

The statute of 1797,—Sl. St. 589, § 1,—provided for the division of towns into school districts. The statute of 1808,—Sl. St. 593, No. 2, sec. 1,—provided for the forming of school districts of inhabitants of two or more towns. These statutes were re-enacted in 1827,—Thomp. St. 136, § 1 ; Ib. 139, § 8,—and again in 1839,— Rev. St. 111, c. 18, §§ 2, 5. The statute of 1827 also provided, that a town might set a person, or persons, in such town, to a school district in an adjoining town; and this provision was retained in the Revised Statutes.

Districts formed by a division of towns must consist of territory. The statute providing for the formation of persons belonging to two or more towns into districts is different in its phraseology,—using the word "*inhabitants*"; but there is the same reason, why such

district should consist of territory, as exists in the other case, namely, that the real estate should pay taxes in the district where it is situated. Rev. St. 104, sec. 15; Ib. 542, sec. 11. The statute of 1828,—Thomp. St. 145, sec. 1, 2, 3,—provides for the dissolution of a school district composed of two or more towns; and this was re-enacted in the Rev. St. 115, sec. 21–23, with some modifications.

There was no legal proof of the assent of district No. 11 in Barnard to receive the persons set to that district by Pomfret in 1828. There should have been record evidence. *Sherwin* v. *Bugbee*, 17 Vt. 337.

The district No. 11 in Barnard was complete and perfect, consisting of territory, by the action of Barnard, long before Pomfret voted to annex any persons to it. The citizens of Pomfret did not unite with the citizens of Barnard to " form a school district;"—it was already formed. The vote of Pomfret, in 1828, only annexed *persons,* named, to No. 11, and did not profess to annex the land, upon which they lived. The action of Pomfret, in 1838, could not transfer any new *persons* to the district in Barnard. The district never voted to receive them. But whatever was the effect of the action of Pomfret, in 1828 and 1838, the town never thereby lost jurisdiction over the territory or inhabitants of that part of the town. And the action of Pomfret in establishing district No. 15, and annexing the plaintiff to it, was legal, and the plaintiff was therefore no longer subject to taxation in district No. 11.

The opinion of the court was delivered by

ROYCE, Ch. J.   The whole authority for assigning the territory in any town to different school districts resides with the town itself, except when a district is to be formed of territory and inhabitants belonging to adjoining towns.   Such a district can only be formed by the concurrent votes of those towns.   The case is also contemplated by statute, where a town would set some of its inhabitants to an existing district in an adjoining town.   In that case the consent of such district is required.   The present defence involves the effect of this latter proceeding.

It appears, that on the 4th day of March, 1828, the town of Pomfret voted to annex certain persons, including the person or persons

then living on the lands since occupied by the plaintiff, to school district No. 11 in Barnard. And we do not find it necessary to decide, whether the proper evidence was given of the consent of that district,—nor whether the rights and liabilities of the persons named in the vote would regularly devolve upon those, who succeeded them in the occupation of the lands, which they occupied at the time of the vote. For, conceding all that the defendant claims upon these points, we still think the justification has failed.

A vote merely professing to transfer particular persons from one district to another, in the same town, or to compose a district of persons, without mention of territorial limits, has no effect to change the relations of such persons, and is wholly inoperative. *Gray v. Sheldon,* 8 Vt. 402. *Pierce v. Carpenter,* 10 Vt. 480. But it must be admitted, as a necessary construction of the statutes on this subject, that, to most if not all practical purposes, the persons thus set to a *foreign* district become members of that district. They not only share in the privileges of the district, but their lists help to form the basis of taxation there, and they are thus made to participate in the burdens of the district. And, to effect these objects, the corporate jurisdiction of the district is extended to embrace such persons, and to embrace all such property of theirs, as could ordinarily have been taxed for the support of schools in the particular district, or territory, inhabited by them. But the legislature would seem to have studiously forborne to say, that a district of one town should ever be considered, in a territorial sense, as extending into another town. For in the statute of 1827, as also in the Revised Statutes, ch. 18, sec. 6, the vote of the town is expressly limited to individual persons, though all school districts are at the same time required to be defined by geographical descriptions. And, indeed, it would appear by the report of a committee in 1838, that the territory inhabited by the persons named in the vote of March, 1828, had all the time constituted a district (No. 16) in the town of Pomfret.

How, then, is the arrangement between the town of Pomfret and the district in Barnard to be considered? As against the district it cannot be regarded as a compact, absolutely and perpetually binding; because they were liable at any time to be deprived, by the action of their own town, of the power to execute it. Their territory might be distributed to other districts, and even their corporate

existence destroyed. And as the obligation on the part of the district could not be absolute and permanent, it is but just to conclude, that the town of Pomfret incurred no such obligation. There is no occasion to remark, that this conclusion detracts nothing from the ordinary powers of school districts to bind themselves by contract. If this arrangement ought to be deemed a contract, it was necessarily contingent as to the time of its duration, and, originating in a purpose to promote the public interest at the time, it must have been expected to end, whenever that interest should require it to be terminated. I should rather be disposed, however, to view it in the light of mere license and temporary consent on both sides, and therefore subject to be revoked or annulled by either party.

We consider the case as being widely different from that of a district originally formed by the concurrent votes of adjoining towns. There the parties have ample and equal power to contract, and neither party should be allowed to abrogate the contract, while the other is willing to abide by it. Such a proceeding may also be regarded as a mutual renunciation, by the towns, of the right to exercise any farther districting power over the portions of territory and inhabitants, which are contributed in the formation of such a district. And hence, upon either ground, the obvious propriety of invoking some power from without, as the board of three justices, to dissolve the connection. It is insisted, that the same proceeding was requisite in this instance. But without a strained construction of the statute of 1828, and of the Revised Statutes, ch. 18, sec. 21, 22, they cannot be made applicable to such a case. The union, which the board of justices are authorized to dissolve, is the union, which was created *in the formation of the district;* and, consequently, to dissolve that union is nothing less than to dissolve the district. In the latter statute it is accordingly enacted, in express terms, that " if, in the opinion of such justices, it shall be expedient to dissolve such district, they shall order the same to be dissolved," &c. And that this is the result contemplated also appears very clearly from the duty, enjoined upon the justices, to make distribution of the property of the district among the individuals who had been members of it. But the act of disconnecting certain individuals from a district, which was formed and organized before their union with it, and is to remain so after the separation, would surely be no dissolu-

tion of the district; nor would it furnish any more occasion for distributing the district property, than would exist in any case of transferring individuals from one district to another.

In our opinion, the transfer of persons to the Barnard district, in 1828, should be treated as but a temporary and defeasible arrangement, which did not deprive the town of Pomfret of the power to act, in the way of forming or altering their school districts, upon the territory occupied by those persons. ·And we therefore conclude, that when, in 1842, the plaintiff, with his property, was included within the new district No. 15 in Pomfret, he ceased, for every purpose, to be a member of the district in Barnard, and was no longer liable to taxation in that district.

Judgment of county court affirmed.