SAMUEL A. MOORE v. ROBERT BEATTIE.

*Town Meetings.   School Districts.   Evidence.*

An article in the warning for a town meeting was "to see if the voters present will vote to set off" the plaintiff and six other persons named, "and their real estate from school district No. 5, the same to constitute a new district ;" *Held*, that this was a sufficiently definite description of the real estate proposed to be set off to bring the subject within the scope of the action of the

town meeting; and that the town having at such meeting voted "to constitute a new school district agreeably to such article in the warning, the plaintiff and his real estate were legally set to such new district.

If an article in the warning for a town meeting be to see if the town will divide a school district, and annex a portion of it to one district, and the remainder to another, the town may at such meeting legally set the whole of the district, proposed to be divided, to either of the other districts named in the warning.

It is competent evidence to prove the loss of a paper, and entitle its contents to be proved by secondary evidence, to show that the attorney in whose hands the paper was deposited has left the State, and that previous to his leaving, the witness called on him for the paper, and that he in the witness' presence made a thorough search among all the papers in his office, and could not find it.

REPLEVIN for a mare. The defendant avowed taking the mare as collector of school district No. 4, in Ryegate, by virtue of a warrant directing him to collect a tax against the plaintiff laid by that district. The cause was tried by the court at the December Term, 1859,—POLAND, J., presiding.

The facts in the case and the questions raised therein are stated in the opinion of the court.

The county court rendered judgment for the defendant for nominal damages and for a return of the property replevied, to which the plaintiff excepted.

*A. Underwood,* for the plaintiff.

*B. N. Davis,* for the defendant.

KELLOGG, J. It was admitted on the trial of this case in the county court that, prior to the annual March meeting of the town of Ryegate in 1851, the plaintiff's farm in that town belonged to school district No. 5 in said town. The plaintiff now calls in question the legality of the vote of that town at its annual March meeting in 1851, creating a new school district in said town from portions of school districts No. 4 and 5, which was called school district No. 10, in which the plaintiff's farm was included, and also the legality of the vote of said town at its annual March meeting in 1858, by which the whole of said district No. 10 was set or annexed to said district No. 4. Three

questions have been discussed on the argument, which will be considered in their order.

I. The warning for said annual March meeting in 1851, contained an article as follows, viz : " 3d. *To see if the voters present will vote to set off* " the plaintiff and six other persons named, " *and their real estate,* * * * *from school district No.* 5," and two other persons named, *and the farms on which they reside, from district No.* 4, *the same to constitute a new school district.*' The town, at said annual meeting, " *voted to constitute a new school district, agreeably to the third article in the warning, to be called district No.* 10." This district No. 10, thus constituted, appears by the case to have been subsequently duly organized. The plaintiff contends that the vote creating this district No. 10 was not valid and legal, because the territory of which the district was composed was not properly or sufficiently specified. The case of *Gray* v. *Sheldon,* 8 Vt. 402, decides that school districts should be defined by *geographical limits,* and be made to consist of *territory* not of *persons,* and the case of *Cutting q. t.* v. *Cox,* 7 Vt. 471, establishes the same rule in respect to villages laid out and established by the selectmen. The article in the warning refers to the real estate in the two districts which was owned by the persons named, and consequently included territory which was capable of being identified and rendered certain by localities, landmarks or reputation, and as the vote of the town meeting followed the terms of the article in the warning, we regard it as being sufficiently certain in describing the territory to be comprised within the new district. In this view, the plaintiff's farm was legally set off from said district No. 5, to the new district No. 10.

II. The warning for the annual March meeting of said town in 1858, contained an article as follows, viz : " 8th. *To see if the town will divide school district No.* 10, *and annex a portion of it to district No.* 4, *the remainder to district No.* 5." The town, at its annual meeting, voted on this article in the warning, " *to set the whole of district No.* 10, *to district No.* 4." The plaintiff claims that this vote was not warranted by the article. The statute requires that in all warnings for town meetings, " the business to be done and the subjects to be considered at such meeting," shall be set forth. Comp. Stat., p. 113, sec. 3 ; see

also p. 144, sec. 16. The warning should be sufficiently definite and certain in its terms to embrace the subject matter of the desired action or vote, and if this is indicated with reasonable certainty, and in such a manner that no person interested can be misled by it, the purpose of the statute is satisfied. In this case " the subject to be considered " at the town meeting was a proposition to extinguish the organization of school district No. 10, and to dispose of the territory belonging to that district. If it should be urged that the proposition contemplated the extinguishment of the organization of district No. 10 in a particular manner, by dividing its territory into two parts, and setting one of the parts to district No. 4, and the other to district No. 5, and that by the action taken on it, no such division was made, but the whole of district No. 10 was annexed to district No. 4, it may be replied that no proprietor of real estate in district No. 10 could possibly have been misled by the terms of this article in the warning in respect to the action proposed to be taken under it so far as such action might affect his own real estate. He must have been aware that the town, in acting upon this article, might make an unequal and arbitrary division of the territory embraced in district No. 10, and might set his land to either of the other two districts at its pleasure, and when, by the vote of the town, his land was set to district No. 4, it does not appear to us that he could have any reasonable cause of complaint on the ground that the land of some other person was not set to district No. 5, or that the omission to set that other person's land to district No. 5, would render the action of the town in setting his own land to district No. 4 illegal. The action taken by the town on this article in the warning involved the same consequences to the plaintiff which would have followed if a division of district No. 10 had been made, and the plaintiff's land had been included in the part set to district No. 4, and the land of some other land owner in the district had been included in the part set to district No. 5. We, therefore, regard the action of the town upon this article in the warning as fairly coming within the scope of the proposition submitted by the warning for the consideration of the town, and also within the general power of the town to dispose of the subject, when thus submitted to its consideration,

Moore *v.* Beattie.

as should be found expedient, and we consider that by the action of the town, the farm of the plaintiff in district No. 10 was legally annexed to district No. 4.

III. It is claimed by the plaintiff that the loss of the original rate bill and warrant was not legally proved, so as to justify the admission of secondary evidence of its contents. The object of the proof of the loss of a written instrument is merely to establish a reasonable presumption of the loss, and this as a preliminary inquiry is addressed to the discretion of the court. The rule on this subject requires that the person in whose custody it was shown to be, should, in general, be called and sworn, to account for it or prove its loss, if he is within reach of the process of the court ; 1 Greenl. Ev., sec. 558. In this case, Mr. Dewey, with whom the rate bill and warrant was left, had, at the time of the trial, removed from this State. The bill of exceptions states that the defendant and another witness proved that they had called on Mr. Dewey for the warrant and rate bill, and that he, in their presence, made a thorough search of all the papers in his office, and could not find it. We regard this as evidence showing the result of a search made in good faith by the proper person, and, as such, admissible to show the loss of the paper. The question then becomes one as to the quantity or degree of proof which should be considered as sufficient and satisfactory to prove the loss, and on that point the judgment of the county court is not open to revision in this court.

The judgment of the county court in favor of the defendant is affirmed.