JOHN P. WEEKS *v.* JONATHAN BATCHELDER.

*Town Meeting. Warning. School District. Taxes. Tax-bill and Warrant. Collector.*

A warning of a town meeting to see if the town would vote to divide school district No. 9, and to make such other alterations in school districts in town as might be found necessary, was sufficiently definite to warrant the vote of the town to form a new district out of a portion of the territory of No. 9, which was specified in the vote.

A town, under the statute authority to form school districts by dividing, uniting or otherwise altering them as found expedient, is not bound to form a district of connected and contiguous territory only.

The certificate annexed to a tax-bill, is not indispensable to the legality of the tax. But if it was, the fact that it gives an unreasonably short time to the collector to collect and pay over the taxes, is probably not such irregularity as a tax-payer can avail himself of, where he has legal notice, and the collector proceeds against him with no illegal or unreasonable haste.

TRESPASS for taking certain personal property. Plea, the general issue, and notice that the defendant would justify as having

distrained and sold the property upon a legal tax in school district No. 23 in Danville, by virtue of a rate-bill and warrant to him directed as collector of said district. Trial by the court, December term, 1867, STEELE, J., presiding. Judgment for the defendant. Exceptions by the plaintiff.

The first question upon which exceptions were reserved, was whether the town had created any such school district.

On the 16th day of April, 1860, the selectmen of Danville warned a town meeting to be held on the 28th of the same April, to transact, among other things, the following business : " 2d, to see if the town will vote to divide school district No. 9 in said town ; 3d, to make such other alterations in school districts as may be found necessary."

Pursuant to this warning the town met, and passed the following vote : " That the real estate on which Samuel Nichols, Jonathan Batchelder, Welcome Drown, Judkins Randall, David F. Thompson, Jas. H. Randall, widow Anna Randall, John P. Weeks, widow Rachel Thompson, Thomas Randall and Jeremiah Brown now live, and now embraced in district No. 9 in Danville, be formed and constituted a new district, to be known as district No. 23, the school-house in district No. 9 to be and remain to that district and be the property of said district, with the land it stands on, and the money now in the treasury of 1859, of district No. 9, be and remain the property of said district."

Under this vote the new district organized May 8, 1860, and elected the officers required by law.

The objections which the plaintiff made on trial to this, were, 1st, " That the warning for the town meeting does not indicate how it is proposed to divide district No. 9, and is too indefinite as a notice of the business to be done, and contains no notice of the proposition to form a new district ;" 2d, " That it created a district of parcels of territory separate, and not contiguous or adjoining."

The defendant conceded that this second objection was well founded in fact, and claimed that in law it did not render the action of the town invalid.

The plaintiff claimed that the warrant was irregular and void,. because it was issued February 10, 1866, was received by the collector February 13, and ordered the collector to collect and pay over the taxes to the treasurer on or before March 1, 1866, which time the plaintiff claimed was so short as to be unreasonable, oppressive and illegal. There was no claim that the collector made this distraint until the plaintiff had legal and reasonable notice, or that he proceeded under the warrant with any illegal or unreasonable haste.

The defendant's justification being so made out that it was open to no objection, except such as have been stated, the court overruled said objections, and decided that the district was duly organized, and that said rate-bill and warrant were·valid, and rendered judgment for the defendant to recover his costs; to all of which the plaintiff excepted.

*Thomas Bartlett*, for the plaintiff.

*Bliss N. Davis*, for the defendant, cited to the point that the warning of the town was sufficiently definite, *Moore* v. *Beattie*, 33 Vt., 220 ; *Ovitt* v. *Chase*, 37 Vt., 196 ; *Alden* v. *Rounseville*, 7 Met., 218. To the point that the statute requires geographical limits, but not contiguous territory, in the formation of a school district, *Alden* v. *Rounseville (ubi supra); Gen. Sts., ch. 22,. § 20; *Hewett* v. *Miller*, 21 Vt., 402; *Withington* v.·*Eveleth*, 7 Pick., 106 ; *Fry* v. *School District in Athol*, 4 Cush., 250.

The opinion of the court was delivered by

PROUT, J. The questions in this case are, 1st, whether the business of the meeting is sufficiently set forth in the warning of April 16, 1860 ; 2d, whether upon the facts school district No. 23 was legally formed ; and 3d, whether the collector's warrant is valid.

I. The warning we think sufficiently definite. It was, to see if the town would vote to divide school district No. 9, and to make such other alterations in school districts in town as might be found necessary ; by its terms pointing to the formation of a

new school district by dividing district No. 9 or by an alteration of other districts as might be found necessary. If this does not indicate the business to be done, and in this case that was actually done, it is difficult to conceive of a warning that would.

II. As to the other objection, the statute (Gen. Sts., ch. 22, § 20) makes it the *duty* of the town, when the inhabitants can not be conveniently accommodated in one district, " to divide the town into as many school districts as shall be judged most convenient, to define and determine their limits, and from time to time to divide such as are too large, unite such as are too small, or otherwise to alter them, and make new districts, as shall be found expedient." By this provision, " the whole authority," as ROYCE, J., expresses it in *Hewett* v. *Miller*, 21 Vt., 402, " for assigning the territory in any town to different school districts, resides with the town itself." Upon this construction, the validity of the vote of the town, so far as dependent upon the question of convenience and necessity, can not be drawn in question. When there has been a compliance with the law in other respects, its action is final. Must, then, the district be formed of connected, contiguous territory? The statute does not so read, but provides that they may be formed not only by dividing or uniting such as are too large or too small, but by *otherwise* altering as found expedient. Language can not be more comprehensive or explicit, and contemplating, as it does, that the town would act judiciously, the provision is wise, and adapted to the object the legislature had in view ; and that was the benefit and convenience of the inhabitants in respect to schools, and the equalization of the expense of maintaining them. In this view, we think there was in this case " no violation of the principle that school districts are to be established with geographical or territorial boundaries." *Alden* v. *Rounseville*, 7 Met., 218.

This objection being the only one urged against the validity of the organization of the district under the vote of the town of the 28th of April, 1860, it was not only legally constituted but organized.

III. It is insisted that the collector's warrant is illegal. It was issued on the 10th of February, received by the collector on the

13th, and, by the certificate annexed to the rate-bill, he was ordered to collect and pay over the tax on or before the 1st of March, or within fifteen days from the time it was delivered him. As the case shows, the plaintiff had legal notice, and the collector proceeded against him with no illegal or unreasonable haste. The plaintiff, therefore, was not prejudiced by the alleged irregularity. Besides, the law provides with what expedition the collector may proceed, and we are not willing to say that, if the certificate is not in conformity with it in this respect, it renders the warrant illegal and void. If this is the effect, the collector could not legally collect the tax after the time in which he was directed to collect and pay it over. The case is very unlike the case of an expired execution in the hands of an officer for collection, as the certificate has quite a different office and purpose to serve. But a conclusive answer is that, *by law*, the certificate is not indispensable. *Read* v. *Jamaica*, 40 Vt., 629.

The judgment of the county court is affirmed.