## MONTFORD *v.* ALLEN *et al.*

1. Under a provision in a city charter declaring that tax sales shall be advertised for thirty days, one insertion of the advertisement of such a sale in each calendar week during the period of thirty days immediately preceding the day of sale will suffice, provided the first insertion appeared at least thirty days before the sale.
2. Where under a city charter it is the duty of the marshal to collect executions for taxes and conduct sales thereunder, the city clerk has no authority to postpone a tax sale or grant indulgence to the defendant in the tax execution.
3. Whether a city has, under its charter, authority to issue an execution for unpaid street tax or not, if an execution embracing such a tax also included a tax on property, to which the property levied on was subject, neither the execution nor a sale thereunder would be void merely because the street tax was included in the execution.
4. Under the law allowing twelve months in which to redeem property sold under tax executions, one whose property has been sold can not redeem after the expiration of the twelve months. Our law does not recognize the existence of equitable grounds as a basis for extending the time within which redemption can be made.
5. Upon the findings of the jury on the issues submitted to them and an agreed statement of facts, there was no error in adjudging that the sale was valid.

Argued May 19, — Decided June 5, 1900.

Equitable petition. Before Judge Littlejohn. Sumter superior court. November term, 1899.

*R. L. Maynard*, for plaintiff. *Hooper & Crisp*, for defendants.

COBB, J. 1. The charter of the City of Americus provides, "That it shall be the duty of the marshal to levy all executions in favor of the city, and, after advertising for thirty days, he shall sell the property levied on before the court-house door in Americus, on a regular sheriff's sale day, and between the legal hours of sheriff's sales." Acts 1889, p. 970. One of the questions raised in the present case is whether, under this provision in the charter, an advertisement inserted seven times in a newspaper published in the City of Americus, when the time elapsing between the first insertion and the date of the sale was thirty-one days and there was at least one insertion for each calendar week embraced within such time, is an "advertising for thirty days" within the meaning of the charter. "Advertise" means "to give public notice of; to announce publicly ; especially by a printed notice." Webster's International Dictionary. It is to be noted that the charter does not require in terms that sales shall be advertised in a newspaper or gazette, but, conceding that the charter should be so construed, what is essential to meet the requirements of a law which says that a sale shall be had after advertising the same for thirty days? Construing such language strictly, it might bear the interpretation that notice should be given in a newspaper every day during a period of thirty days. In the light of the purpose for which the advertisement is given, in the light of other laws of the State relating to the manner of giving notice of sales and other transactions, would such a construction be a reasonable one? Can it be presumed that, in providing the way in which notice of tax sales in the City of Americus should be given, the General Assembly intended that a sale should be void unless notice of the same was published every day except Sunday for a period of thirty days preceding the day of sale? Is there an act of the General Assembly relating to public sales in which such a requirement is had? If so, our attention has not been called thereto. Is it to be presumed that the General Assembly intended that a tax sale of this municipality should be governed by a rule which is entirely inconsistent with the uniform practice in the State in regard to public sales, as well as a rule which would impose upon the taxpayer a burden in the way of advertising fees which is not imposed upon any one else whose property is seized under

judicial process? We are clear in our opinion that the General Assembly did not so intend. Treating it as settled that the legislature did not intend by this provision in the charter of Americus that a tax sale should be advertised every day for thirty days, what was its intention with reference to the number of times a notice should be inserted within that period?￼ There can be but one answer to this question, and that is, that an advertisement appearing one time at least thirty days before the day of sale, and, as nearly as practicable, immediately preceding the beginning of that period, would be an advertising within the meaning of the charter. That would be giving thirty days public notice of the sale, or announcing publicly that the sale was to take place at the expiration of that time; and if the charter is to be construed as requiring advertisement in a newspaper, but one insertion of the advertisement at least thirty days before the sale, and, as nearly as may be, immediately preceding the beginning of that period, would be a compliance with the law. The charter requires either that the advertisement should appear every day for thirty days, or its appearance for one day thirty days before the sale would be sufficient. There is no escape from this. To hold that the charter required notice to be published every day would be to construe the law as requiring something which is not only unusual but unreasonable. To hold that only one insertion of the notice was necessary would be giving a construction which would authorize a sale after advertising in a manner which is unusual but not in a manner which is unreasonable, in so far as it regards the rights either of the public or the taxpayer. When a statute is susceptible of two constructions, the one which is the more reasonable should be adopted.

It is to be noted that, as regards the effect of a failure to properly advertise, there is a distinction to be drawn between tax sales had in pursuance of the general law of the State and those had in pursuance of a provision in a municipal charter. In the former the law in reference to notice is merely directory, and purchasers at such sales, if themselves without fault, will be protected; whereas a provision of a city charter prescribing the time for giving notice of a municipal tax sale must be strictly complied with, or the sale will be void even as against

an innocent purchaser. That this is the law as established by decisions of this court was pointed out in *Conley* v. *Redwine*, 109 *Ga.* 640. That such is the law is an additional reason for constructing the charter of Americus as requiring that method of advertising which is less cumbersome, and therefore more apt to be ordinarily complied with.

Section 5458 of the Civil Code, providing that where the law of force on October 21, 1891, required notices of sales "by ordinaries, clerks, sheriffs, county bailiffs, administrators, executors, guardians, trustees, or others," to be published in a newspaper for thirty days, it should be sufficient to publish such notices once a week for four weeks preceding the sale, does not in any manner affect the provision of the charter of Americus relating to advertisements of tax sales. The act of 1891, which is now embodied in that section, does not expressly refer to the subject of municipal tax sales, nor is there anything in the act which would necessarily raise the implication that the General Assembly intended the provisions of the act to apply to such sales; neither did the law of which that act was amendatory relate in any way to such sales. Both had reference rather to sales under the general laws of the State, and not to sales made under local or special laws, such as municipal charters. A general law will not be so construed as to repeal an existing particular or special law, unless it is plainly manifest from the terms of the general law that such was the intention of the lawmaking body. "A general later affirmative law does not abrogate an earlier special one by mere implication." "Having already given its attention to the particular subject, and provided for it, the legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the legislature had been turned to the special act, and that the general one was intended to embrace the special cases within the previous one; or something in the nature of the general one making it unlikely that an exception was intended as regards the special act. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one." "The fact that the general act

contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction." Endlich, Int. Stat. § 223 et seq. While the general law is not at all applicable to the present case, it will be noticed that the sale under consideration was advertised in such a way as to be a compliance with that law

Section 732 of the Political Code, providing that "the time, place, and manner" of the sale of property for taxes due a municipality shall be the same as that provided by law for sheriff's sales for State and county taxes, does not undertake to prescribe the manner in which notices of sales shall be given. See *Bacon* v. *Savannah*, 86 Ga. 303, 312.

There is nothing in the case of *Rish* v. *Ivey*, 76 *Ga.* 738, to conflict with the ruling that the provision of the charter of Americus above quoted does not require that notice of the sale should be published in a newspaper every day for thirty days. Taking that decision in the light of the facts as stated by Mr. Justice Blandford, it might be said that it was ruled merely that a law requiring an advertisement for thirty days was not satisfied by an insertion of the notice once a week for four weeks, that is, twenty-eight days, a period less than thirty days. But even if this be not a proper construction of the decision, upon examining the act which was under consideration in that case it will be found that it required that the comptroller-general should, "for thirty days, make advertisement," in one newspaper at the capital of the State, of a list of all wild lands which were not given in for taxes in the different counties, and require in such publication the owners of the lands to come forward and give in and pay taxes on the lands, and that in default thereof the lands would be sold in the counties where they were situated. After the expiration of the time required by the act the comptroller-general was authorized to issue executions against the wild lands and proceed to have them sold in the manner prescribed in the act. Acts 1874, p. 105. It was held in that case that the introduction in evidence of one issue of a paper published at the capital, in which was inserted the list of wild lands claimed to be unreturned, was not sufficient to establish that such list had been published for thirty days. There is a distinction to be drawn between advertising or publishing a certain

writing or article for a given number of days, and giving notice or advertising that a certain thing will occur after the expiration of a given number of days. A law requiring that a certain list shall be published for thirty days in a newspaper is not complied with by publishing such list one time, when the newspaper is issued more than one time during the period of thirty days. Such we understand to be the ruling made in the *Rish* case. A law requiring that an officer shall sell property seized for the payment of municipal taxes only after having given public notice of the sale for thirty days (and, properly construed, this is all that the charter of Americus requires) is complied with when there has been an insertion of such notice one time in a newspaper which is published at least thirty days before the date of the sale, when such insertion is as near as may be thirty days immediately preceding the day of sale; and certainly such a law is complied with when there has been at least one insertion during each calendar week for a period of thirty days immediately preceding the sale and the first of such insertions was thirty-one days before the sale.

2. Under the provision of the charter of Americus which is quoted above, it is the duty of the *marshal* to levy tax executions and conduct sales of the property thereunder. The city clerk has no authority whatever over the executions after they are placed in the hands of the marshal, and consequently has nothing to do with the sales. Such clerk would therefore have no authority to postpone a sale under a tax execution, or to grant indulgence to the defendant therein after it has been placed in the hands of the marshal for collection. The clerk having no authority to make such an arrangement, the taxpayer would rely upon it at his peril; and even if in the present case the clerk entered into such an arrangement, this would not invalidate the sale had by the marshal.

3. It was argued in this case that the City of Americus had no authority under its charter to issue an execution for unpaid street tax, and that, therefore, including the amount due for such a tax in the execution, which also embraced the tax due upon the property of the taxpayer, vitiated the entire execution. It was conceded that the execution, except as to the amount due for street tax, embraced a sum which was due by

the taxpayer as a tax upon property. Such being the case, it is unnecessary to determine whether or not the authorities of the City of Americus could enforce by execution the payment of the street tax. Even if they could not, embracing the same in an execution with other claims which could be lawfully collected by execution would not invalidate the execution. *State* v. *Hancock*, 79 *Ga.* 799; *Barnes* v. *Lewis*, 98 *Ga.* 558; *Dawson* v. *Dawson*, 106 *Ga.* 45. The cases cited thoroughly establish the foregoing rule, so far as this State is concerned; but they do not seem to be in accord with many rulings made in other States. See Cooley on Tax. (2d ed.) 496, 497; 25 Am. & Eng. Enc. L. (1st ed.) 387 et seq.

4. The right of a taxpayer to redeem property sold at municipal tax sales is purely statutory. Political Code, § 733. After the time fixed by the statute for redemption has expired, the right to redeem is gone, and there is no power even in a court of equity to authorize a redemption of the property in such cases.

5. The right of the taxpayer to redeem his property had expired before any tender was made. The sale was not invalid for any of the reasons which were set up in the petition; and the decree entered by the judge upon the agreed statement of facts and the findings of the jury was in all respects regular and proper.

*Judgment affirmed. All concurring, except Fish, J., absent.*