## SMITH *v.* CITY OF ATLANTA.

A provision in a city charter, that notice of the introduction of an ordinance " shall be published at least as many as ten days before the adoption of such ordinance," is satisfied by a publication one time at least ten days prior to the adoption of the ordinance.

Submitted June 23, — Decided August 5, 1905.

Affidavit of illegality.    Before Judge Lumpkin.    Fulton superior court.    September 24, 1904.

*E. M. & G. F. Mitchell*, for plaintiff in error.

*J. L. Mayson* and *W. P Hill*, contra.

COBB, J. An execution in favor of the City of Atlanta against Smith, for an amount claimed to be due as an assessment upon a described lot of land, the property of the defendant in execution, was levied upon the property, and an affidavit of illegality interposed and the papers returned to the superior court of Fulton county for trial.    The affidavit set up numerous grounds of illegality, and when the case came on for trial the court, on motion of counsel for the city, struck the affidavit, and the defendant in execution excepted.    Only one ground in the affidavit was urged in this court, and therefore our discussion will be limited to this ground.    The charter of Atlanta requires, that, " after the first reading of an ordinance providing for a sewer, a notice of the introduction of the same shall be published in one or more of the daily papers of the city."    The contents of the notice are provided for in the charter, and it is required that the " notice shall be published at least as many as ten days before the adoption of such ordinance;" and the charter distinctly declares that a substantial compliance with the requirement as to notice shall be sufficient. Anderson's Code of Atlanta, 18, § 46, Acts 1889, p. 958.    The ordinance in question was introduced on November 16, 1903. The notice required was first published in a daily paper of the city issued on November 17, and appeared in ten issues of the paper immediately following that date.    November 22 was Sunday.    It is contended that the charter required that notice shall be published for ten consecutive days, exclusive of Sunday, and that the publication was therefore insufficient.    The ordinance was finally adopted on December 7.    The case turns upon the proper construction to be placed upon the words, " at least as many as ten days before the adoption of such ordinance."    It is said that the use of the word " many " carries with it the idea of continuous publication as to days, whereas if the word " much" had been used, a different construction might have been placed upon the provision.    We can not concur in this view.    The purpose of the charter was to give notice to those interested in the passage of the ordinance, at least ten days before it was passed, that such an

ordinance was under consideration. In other words, the ten days was the time the party was allowed to investigate the matter after it was brought to his knowledge that a proceeding affecting his property would be passed upon by the city authorities. He was entitled to notice ten days before the action was taken, but he was not entitled to notice every day for ten days. Such a construction of the ordinance is possible without doing violence to any of the words used, is a more reasonable construction than the one contended for by the plaintiff in error, and is in line with prior rulings of this court where similar provisions were under construction. See *Mayor* v. *Finney,* 54 *Ga.* 318 (3); *Montford* v. *Allen,* 111 *Ga.* 18 (1).

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent, and Lumpkin, J., disqualified.*