J. W. SCALLY, *Appellant,* v. C. G. MEMINGER AND OTHERS, *Appellees.*

1.  A resident taxpayer, who files a bill to enjoin the issuance of municipal bonds, pointing out no defects therein, cannot attack the constitutionality of a special statutory proceeding validating the bonds, upon the grounds that it affords no protection to a non-resident.

2.  A statutory requirement that an election "shall be advertised for not less than thirty days," is met by an advertisement once a week for five consecutive weeks immediately prior to the election.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Treadwell & Treadwell*, for Appellant;

*Eppes Tucker, Jr.*, for Appellees.

COCKRELL, J.—J. W. Scalley, a resident tax payer of the City of Lakeland, filed his bill to enjoin the issuance of bonds, voted under its special charter, Chapter 6363, Laws of 1911, which bonds had been validated by the Circuit Judge under special procedure provided by Chapter 6237 of the same session. A demurrer to the second amended bill was sustained and the suit dismissed.

In his brief here, the complainant makes but two contentions.

It is first insisted that the act providing a speedy procedure validating county and municipal bonds is unconstitutional, in that it fails to permit a non-resident citizen of the State owning property in Lakeland to intervene to contest the legality of the bonds proposed to be issued. There are two conclusive reasons why the constitutionality of the Act may not be questioned on this record. The complainant shows affirmatively he does not belong to the class against which he asserts there is a discrimination; and again he fails to point out, as an original proposition, any defects in the bond issue, or that the court treated its order in the special statutory proceedings as of any binding force.

The only defect alleged in the proceedings leading up to the bond issue is at least unique. The special charter requires that the proposed bond "election shall be advertised for not less than thirty days prior to the date upon which it shall be held, in a newspaper published in the City of Lakeland." The publication was made once a week for five successive weeks immediately prior to the election, but the novel statement is made that this con-

stitutes an advertisement for five days only. We are not favored with citation of authority for this construction, and we shall content ourselves by citing one adjudged case precisely to the contrary. Montford v. Allen, 111 Ga. 18, 36 S. E. Rep. 305.

The decree is affirmed.

WHITFIELD, C. J., AND SHACKLEFORD AND HOCKER, J. J., concur;

TAYLOR, J., absent on account of illness, concurred in the opinion as prepared.