VOL. 87, JANUARY TERM, 1924.        477

State ex rel. Buford v. Town of Forest Park—Syllabus.

*Mabry, Reaves & Carlton and Lunsford & Blake,* for Plaintiffs in Error.

*Shackleford & Shackleford* and *Shackleford & Parks,* for Defendant in Error.

---

THE STATE OF FLORIDA, *ex rel.* RIVERS BUFORD, ATTORNEY GENERAL, *Plaintiff in Error,* v. THE TOWN OF FOREST PARK, IN THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA, *de facto,* A. P. PROCTOR AS MAYOR, HAROLD S. BROWN AS CITY CLERK, H. L. CHASE AS MARSHAL, JAY S. BROWN AS TAX ASSESSOR, TREASURER AND COLLECTOR, AND C. R. BOHNER, S. A. HAMMOND, C. N. ISOM, E. F. GARDNOR AND J. L. MACK AS ALDERMEN OF THE SAID TOWN OF FOREST PARK, *de facto, Defendants in Error.*

Opinion Filed May 15, 1924.

Petition for Rehearing denied June 18, 1924.

This case was decided by Division A.

1. Section 1827, Revised General Statutes, 1920, in relation to forming a municipal corporation does. not require that the

notice to the registered voters shall be signed by twenty-five, or any other number of persons.

2. A notice to the registered voters within the proposed corporate limits, of a meeting to be held on April 30th for the purpose of organizing a municipal corporation, which is first published on the 30th of March and weekly thereafter, until and including April 27th, is advertised for not less than thirty days.

3. Under the provisions of the statute providing for publication of notice to the registered voters for the purpose of organizing a municipal corporation, one insertion of the advertisement of such sale in each calendar week, during a period of thirty days immediately preceding the date of the meeting, is a compliance with the statute; provided, the first insertion appeared at least thirty days before the date of the meeting.

4. Where the boundaries of territory proposed to be incorporated as a town are not so uncertain as to make it impossible to determine the territory intended to be included in the municipality, the organization of the municipality is not void for uncertainty of description.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*G. B. Wells,* for Plaintiff in Error;

*E. P. Martin,* for Defendants in Error.

BROWNE, J.—This is an information in the nature of a writ of *quo warranto* brought by the Attorney General to test the right of the City of Forest Park to exercise the franchises and corporate powers of a city, and of the mayor and other officers of the city to act as such.

Motions to strike the answer of the defendants and for an order of dissolution against the corporation, and a judgment of ouster against its officers, were denied. No further proceedings were taken by the Attorney General. The Court entered final judgment holding that the answer of the respondents was sufficient, and showed "a complete and perfect right to exercise the offices, franchises, liberties and powers of the town of Forest Park," and the petition of the Attorney General was dismissed.

The first ground of attack, is that the notice to the registered voters residing within the proposed corporate limits to assemble at a certain place to select officers and to organize a municipal government, was not signed by twenty-five qualified electors residing within the proposed corporate limits.

Section 1825, Revised General Statutes, 1920, provides: "It shall be lawful for male inhabitants of any hamlet, village or town in this State, not less than twenty-five in number, who shall have the qualifications hereinafter prescribed, to establish for themselves a municipal government with corporate powers and privileges as hereinafter provided."

Section 1827 provides: "Whenever any community of persons shall desire to form a municipal corporation under the provisions of this chapter, they shall, for a period of not less than thirty days, cause to be published in some newspaper of the county, or by posting in three places of public resort in the immediate vicinage, a notice requiring all persons who are registered voters, residing in the proposed corporate limits, which shall be stated in this notice, to assemble at a certain time and place to select officers and organize a municipal government."

Section 1825 merely fixes the minimum "community of persons" authorized to form a municipal government.

We find nothing in these statutes that requires the notice to be signed by twenty-five or any other number of persons.

The language of the statute, "They shall * * * cause to be published," seems to be complied with if the notice is signed by any one residing within the proposed corporate limits.

The object of the notice is to advise all the qualified electors residing within the limits of the proposed town, that a meeting is to be held for the purpose of organizing a town. That object is accomplished by a notice signed by one as well as by twenty-five persons.

The case of West End v. State, 138 Ala. 295, 36 South. Rep. 423, is not in point, as the Alabama Code expressly provides that "proceedings to incorporate towns shall be begun by petition in writing signed by fifty or more qualified electors who reside within the boundaries of the proposed town."

Our statutes are silent as to the number of persons who shall sign the notice, and we cannot read twenty-five into the law by implication, as plaintiff in error would have us do.

The next attack, is that the notice to all the registered voters residing within the proposed corporate limits was not published "for a period of not less than thirty days."

The meeting was called for the 30th day of April, and the notice was first published on March 30th. It is contended by the plaintiff in error that the notice was only published twenty-eight days. To sustain such a contention, we would have to hold that between the twenty-seventh and thirtieth of April the notice was not published.

To hold that it was not published between those dates would be equivalent to holding that it was not published

between the 20th and 27th of April, or on any of the days intervening between the days when the newspaper was issued; it being issued only weekly. It would then follow that not being published on the intervening days, it was published only on the days of the issue of the paper, or five days, in this instance.

Such was the contention in the case of Scally v. Mominger, 64 Fla. 464, 60 South. Rep. 180, where this Court said: ''The only defect alleged in the proceedings leading up to the bond issue is at least unique. The special charter requires that the proposed bond 'election shall be advertised for not less than thirty days prior to the date upon which it shall be held, in a newspaper published in the City of Lakeland.' The publication was made once a week for five successive weeks immediately prior to the election, but the novel statement is made that this constitutes an advertisement for five days only. We are not favored with citation of authority for this construction, and we shall content ourselves by citing one adjudged case precisely to the contrary. Montford v. Allen, 111 Ga. 18, 36 S. E. Rep. 305.''

In the case of Montford v. Allen, *supra,* the holding of the court was that: ''Under a provision in a city charter declaring that tax sales shall be advertised for thirty days, one insertion of the advertisement of such a sale in each calendar week during the period of thirty days immediately preceding the day of sale will suffice, provided the first insertion appeared at least thirty days before the sale.''

It seems rather clear that the law regards the notice as being published during the days that intervene between the dates when the newspaper is issued, and it follows that it was published during the days that intervened between the 27th of April and the date of the meeting. The notice

was first published on March 30th, and weekly thereafter for four issues; and from the 30th of March to April 30th, when the meeting was held, comprised "a period of not less than thirty days."

The next contention is that the record of the incorporation does not show that a vote was taken to incorporate the town of Forest Park.

The sworn answer alleges that "on the 26th day of March, A. D. 1923, at a place within the territory sought to be incorporated, there was a meeting held for the purpose of laying plans for the establishment of the municipality to be known as Forest Park, Florida, 47 of the 50 registered voters of said territory sought to be incorporated being present and voting, that it was agreed by those present that said organization should be had at as early a date as possible. All voting to *proceed as provided by law, to organize said municipal government.*"

The answer in substance alleges that at that meeting it was decided by unanimous vote to publish a notice for thirty days as required by law, to all the registered voters residing within the proposed corporate limits, to meet at the home of C. S. Gardner, which is situated in about the center of the territory proposed to be incorporated, and that pursuant to that notice, 47 of the 50 registered voters met at the place designated in the advertisement, and each took part in the organization of the meeting, and that the name of Forest Park was adopted for the municipality by unanimous vote; that a secret election was held at that time and place, and that they elected by secret ballot a mayor, city clerk, chief of police, city treasurer, tax assessor and collector, and five councilmen or aldermen.

The motion to strike the portions of the answer setting out the foregoing proceedings admits the allegations of the answer as to what occurred, and it appears therefrom

that the proceedings for the organization to establish a municipal corporation were in accordance with the controlling statutes, and there was no error in the ruling of the court denying the motion to strike.

It is further contended that the answer does not show that at the meeting on the 30th day of April a vote was taken to incorporate the town of Forest Park. It is true that the answer does not specifically state that at that meeting a vote was taken to incorporate the town of Forest Park, but it appears from the answer that the meeting was called for that purpose and that at the meeting on March 26th, forty-seven of the fifty registered voters in the territory sought to be incorporated voted to organize a municipal corporation; and that in pursuance to the notice to the registered voters of the territory, a meeting was held on the 30th day of April, A. D. 1923, at the time and place designated in the notice, for the purpose of establishing and organizing a municipal government, which was participated in by forty-seven of the fifty registered voters of the territory proposed to be incorporated, and each took part in the organization of the town; that the name of Forest Park was adopted for the municipality by a unanimous vote; that a secret election was there and then held for the election of the officers for the municipality; that at the election a seal was duly adopted; that on May 1, A. D. 1923, a true and correct transcript of the proceedings of this meeting was duly filed and recorded by the Clerk of the Circuit Court in and for Hillsborough County, Florida, as required by law.

The plaintiff in error in his brief sets out what language he thinks should have been used to show that it was the intention of the electors present to establish a municipality within the boundaries published, and says "such words as these or other apt words to express the

intention of the assemblage should have in the form of resolution or motion been adopted by the electors present.''

By unanimously voting at the meeting of March 26th to organize a municipal government—which meeting was participated in by forty-seven of the registered voters of the territory proposed to be incorporated—by selecting a name and seal, by determining the corporate limits of the proposed town, and electing municipal officers at the meeting of April 30th, the qualified voters present clearly expressed their intention to organize the town.

The next attack is that the boundaries of the town as adopted at the meeting and recorded in the office of the clerk of the circuit court, are vague, indefinite and uncertain.

We think the description comes within the rule laid down by this court in Town of Enterprise v. State, 29 Fla. 128, 10 South. Rep. 740; Lane v. State, 63 Fla. 220, 57 South. Rep. 662, and that the description of the territory incorporated ''is not so uncertain as to make it impossible to determine the territory intended to be included in the municipality, and where such is the case ''the law is not void for uncertainty of description.''

The contention of the plaintiff in error that the answer does not give the names of the 47 registered voters who took part in the organization of the city, and does not allege that they were registered voters, or that they constituted two-thirds of those residing within the territory proposed to be incorporated, or that no less than twenty-five inhabitants of the territory proposed to be incorporated possessed the qualifications prescribed in the statutes of Florida participated in the meeting, is without merit.

There is nothing in the statutes that requires either directly or by implication, that the names of the registered

voters who take part in the organization of a town, shall appear in the proceedings of the meeting.

The allegations of the answer with respect to those who took part in the meeting, although not in the words used by the plaintiff in error clearly show that the necessary twenty-five registered voters were there, and that they constituted two-thirds of those residing within the territory proposed to be incorporated.

We have carefully considered all the questions raised by the plaintiff in error, and fail to find anything in the proceedings as shown by the record that warrant us in reversing the judgment of the lower court.

The judgment is affirmed.

TAYLOR, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.