THE STATE OF FLORIDA *ex rel.* JOHN B. JOHNSON, ATTORNEY GENERAL, *Petitioner,* v. M. A. OWENS, W. D. LOCKLEER, P. W. DICKSON, C. H. ROBERTSON, F. D. PAINTER, C. A. POWELL, G. W. WILLIAMS AND H. A. BARWELL, *Respondents.*

Division B.

Opinion Filed July 27, 1926.

1. Under our statute, and in the very nature of the existence of a municipal government, it is essential that it should have ascertained and well-defined boundaries. The organization of a municipal government under our general law for incorporating towns and cities without defined metes is unauthorized and a nullity.

2. Where the published notice does not fully describe any contiguous territory, but partly describes separate and distinct portions of land divisions, such notice is not legal notice to those who could participate in a town corporation.

3. The description in the notice of the meeting and in the resolution of incorporation of a municipality should correspond and should be complete and definite in covering contiguous territory.

A case of original jurisdiction.

Demurrer to answer sustained.

*Evans & Mershon,* for Petitioner;

*Seymour & Collins,* for Respondent.

WHITFIELD, P. J.—By an information in the nature of a *quo warranto,* the Attorney General charges that named persons as officers have "usurped and still do usurp to be

a municipal corporation under the corporate name and style of the "Town of Ojus," in the County of Dade and State of Florida, and have used, enjoyed, exercised and performed, and still do use, enjoy, exercise and perform, without warrant or authority, in violation of the existing constitution, statutes and laws of said State, the franchises, functions and powers of the offices aforesaid, and of an incorporated town, usurping to be an incorporation, to the great damage, prejudice and wrong of the State of Florida."

Process was issued by this Court requiring the respondents to answer "by what warrant or authority" the respondents "claim to have, use, enjoy, exercise and perform the functions, franchises and powers of the aforesaid offices and to be the municipality of the town of Ojus."

By answer the respondents set up an incorporation of the town of Ojus under the general laws for the incorporation of towns in this State, alleging the publication of a notice of a meeting at a designated time and place of "the registered voters residing in" the territory in Dade County, Florida, described as "That territory which is bound on the North by the County Line between Dade County and Broward County, Florida; on the East by the Florida East Coast Canal; on the South by the County District Line; on the West by the center line of Section 33, Township 52 South, Range 42 East, which line continues through the center line of Section 4, Township 52 South, Range 41 East, and said line continues straight to the District line. The North and South lines being about two miles and one-half long and the East and West lines being about two miles wide; said land includes what is now known by the name of 'Ojus' and all of said land lies within Township 52 South, Range 41 East."

It will be observed that it would be geographically impossible for all of this land to be in Township 52 South,

Range 41 East, and yet have the line between Dade and Broward Counties for the Northern boundary. The designation of the Southern boundary as the "County District Line" is also uncertain. Just what is meant by it is not clear. There are several kinds of districts in the County. It is also impossible for Section 33, Township 52 South, Range 42 East to be contiguous with Section 4, Township 52 South, Range 41 East.

The resolution of incorporation describes "the territory being incorporated" as: "Beginning at a point where the County Line dividing Dade and Broward counties intersects the West bank of the Florida East Coast Canal; thence run West along said County line to where the Quarter-section line of Section 33, Township 51 South, Range 42 East, intersects said County line; thence South along said Quarter-section line, the same being the Central line of said Section running North and South to the District line dividing Election District No. 1 from Election District No. 2 of Dade County, Florida; said district line being the Quarter-section line running East and West through Sections 9 and 10, Township 52 South, Range 42 East; thence East along said District line to the West bank of the Florida East Coast Canal; thence meander the West bank of said Florida East Coast Canal to where it intersects the waters of Dumfoundling Bay in a Northerly direction to where the Florida East Coast Canal intersects said bay on the North; thence meander West bank of the Florida East Coast Canal to place of beginning; said area embracing the East half (E½) of Section 33, all of Section 34, and all of Section 35, lying West of the Florida East Coast Canal in Township 51 South, Range 42 East; also the West half (W½) of Section 4, all of Section 3, lying West of Dumfoundling Bay, and a fractional part of Section 2; and the Northeast Quarter (NE¼) of Section 9,

and a fractional part of the North Half (N½) of Section 9, and a fractional part of the North Half (N½) of Section 10, all in Township 52 South, Range 42 East."

A demurrer to the answer was filed and argued by briefs.

The statute provides that the published notice of the meeting to incorporate, shall be to registered voters "residing in the proposed corporate limits, which shall be stated in the notice," and that the incorporators shall select a corporate name for the proposed municipality and shall "designate by definite metes and bounds the territorial limits thereof."

"Under our statute, and in the very nature of the existence of a municipal government, it is essential that it should have ascertained and well-defined boundaries.    The organization of a municipal government under our general law for incorporating towns and cities without defined metes is unauthorized and would be a nullity.  Gray v. Sheldon, 8 Vt. 403; Pierce v. Carpenter, 10 Vt. 480; Dillon's Mun. Corp., sec. 182."   Town of Enterprise v. State, 29 Fla. 128, text 142, 10 South. Rep. 740.

The published notice does not fully describe any contiguous territory, but partly describes separate and distinct portions of land divisions.   The notice as published was not legal notice to those who could participate in a town corporation.

The territorial description contained in the resolution of incorporation is essentially different from that contained in the notice of the meeting; and it expressly includes the West half of Section 4, township 52 South, Range 42 East, which is excluded by the other portions of the description. The descriptions in the notice of the meeting and in the resolution of incorporation should correspond and should be complete and definite in covering contiguous territory.

In State *ex rel.* Buford v. Town of Forest Park in Hills-

borough County, Fla., 87 Fla. 477, 100 South. Rep. 735, the boundaries of the territory described in the published notice of the meeting and in the proceedings of incorporation, were of contiguous lands adequately described.

The demurrer to the answer is sustained.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.