## EDWIN BLUSH *v.* TOWN OF COLCHESTER.

### *Town Meetings.*   *Bounties.*

A vote of a town meeting instructing the selectmen to procure recruits for the town, and empowering the selectmen to borrow funds on five years credit for the town to pay bounties to such recruits, is not warranted by a warning to see if the town would raise a tax upon the grand list to pay recruits, and how much and when, and to instruct the selectmen in the disposal of funds so raised.

Such a vote not being in substantial pursuance of the warning, the selectmen were without authority, under it, to bind the town by a promise to pay the plaintiff a bounty.

THIS was an action of special *assumpsit.* Plea, the general issue, and trial by jury, September Term, 1866, PIERPOINT, Ch. J., presiding.

The plaintiff introduced evidence tending to show that on the 3d of August, 1864, he enlisted into the United States service to the credit of the town of Colchester, under the call of the President for troops, dated July 18th, 1864, and that he did so in consideration of a promise made to him by Charles Lafountain, as one of the selectmen of Colchester, that, if he would so enlist, the town would pay him a bounty of $150., and as much more as would make his bounty equal to that which should be paid by the town to any other person who should enlist to its credit under said call; that the plaintiff thereupon received from the town the sum of $150., and that afterwards the town paid to another person, who enlisted to its credit under said call, the sum of $500. The plaintiff, for the purpose of showing authority in Lafountain to make said contract on behalf of the defendants, offered in evidence the record of a town meeting held in Colchester on the 1st of July, 1864, together with the record of the warning of such meeting. To the admission of this evidence the defendants objected, on the ground that the warning did not sufficiently set forth, describe, or refer to the business transacted at such meeting, upon which the plaintiff relied for the authority above mentioned. The court overruled the objection and admitted the evidence,—to which the defendants excepted.

The testimony on the part of the defendants tended to show that Lafountain, acting not as selectman, but as a member of a so-called

war committee of three, in behalf of the town, neither of the other members of which committee were selectmen of Colchester, promised the plaintiff, that if he would enlist to the credit of said town under said call, the town would pay him a bounty of one hundred and fifty dollars and no more; that in consideration of such promise the plaintiff did so enlist, and was paid that sum by the town.

Other evidence was introduced which was claimed to affect the liability of the town, but the main question is upon the validity of the vote of the town at the meeting of July 1st, 1864, the warning and proceedings of which are stated in the opinion.

Upon all the evidence the defendants requested the court to instruct the jury that the plaintiff was not entitled to recover. But the court declined so to instruct the jury, but did charge them that if they found that Lafountain, as one of the selectmen, made a contract with the plaintiff, such as the testimony on the part of the plaintiff tended to show, and that the town paid the plaintiff $500. bounty, the contract of Lafountain would be binding upon the town, and, as it was not denied that a bounty of $150. was paid by the town to another person, who enlisted to its credit under that call, the defendants would be liable for $350., and the interest thereon from the time when the quota of the town under that call was filled.

To the refusal of the court to charge as requested, and to the charge as given, the defendants excepted.

*Hard & Shaw,* for the defendants, maintained that the warning in this case was entirely specific, and the meeting, which was called into being only by means of the warning, could take no action outside of the purview of its specifications; that it was not the purpose of the meeting to incur on the part of the town a debt of long standing, or to pledge the credit of the town at all. *Moore* v. *Beattie,* 33 Vt. 219; *Ovitt* v. *Chase,* 37 Vt. 196; *Hunt* v. *School District No.* 20, 14 Vt. 300; *Torrey* v. *Millbury,* 21 Pick. 64; *Bartlett* v. *Kinsley,* 15 Conn. 327; *Wood* v. *Quincy,* 11 Cushing, 487; *Rideout* v. *School District,* 1 Allen 232, also *Stone* v. *School District No.* 4, 8 Cushing 592; *Holt's Appeal,* 5 R. I. 603; *Hayden* v. *Noyes,* 5 Conn. 391; *Baldwin* v. *North Bradford,* 32 Conn. 47.

*Henry Ballard,* for the plaintiff, cited General Statutes, page 106, § 3; *Moore* v. *Beattie,* 33 Vt. 219; *Chandler* v. *Bradish,* 23 Vt. 416.

The opinion of the court was delivered by

STEELE, J. The three business articles of the warning were:

" 1st. To see if the town will vote to raise a tax upon the grand list to pay recruits or volunteers, for said town, who may hereafter enlist.

2d. To decide by vote what per cent on the grand list shall be so raised, and when it shall be collected and paid into the treasury of the town.

3d. To specifically instruct the selectmen of said town in the disposition of said funds."

The town voted, " that the selectmen be and hereby are instructed to procure volunteers for the town of Colchester and use their discretion in the payment of bounties to said volunteers, and that the said selectmen are hereby empowered to borrow at the credit of the town, for five years time, not to exceed 200 cents on the grand list of said town for said purpose, and the expenses of said selectmen and recruiting services."

The main question is upon the validity of the vote of the defendant town at its meeting of July 1st, 1864. If it was not valid, the selectmen were without authority to make the contract which the plaintiff claims, and it would not bind the town. The objection made to its validity is, that it was not warranted by the warning. It is not denied but the action of a town meeting must be limited to the matters mentioned in the warning, which the statute declares, " shall set forth the business to be done, and the subjects to be con. sidered at such meeting." This statutory requirement has been construed with reference to its object, which is to notify all interested of the subject matter of the proposed vote or action, so that they may be able to give the subject consideration previous to the meeting, also be able to perceive whether it sufficiently affects their individual interests to demand their attendance at the meeting. For these purposes, only such reasonable certainty is required, as will prevent the interested parties from being misled. Greater particularity may

sometimes be desirable, but is not necessary in order to make a warning legally sufficient. In this case the warning was not thus general. It was specific. It was not a warning to see how the town would raise funds, but to see if the town would raise a tax. Being thus specific the meeting was not warranted in acting upon it as if it had been as general in its terms as it might properly have been. If the warning limited the authority of the meeting, it does not alter the case that the limitation was not necessary in order to constitute a legal warning. The vote or action must, at least, be so substantially in pursuance of the warning that no party may reasonably complain of the deviation. In *Moore* v. *Beattie*, 33 Vt. 219, which is relied on by the defendant, the court held that no man could reasonably complain of the deviation there in question, because, by the terms of the warning, every individual was notified of the liability of his land to be set where it was set by the vote. In this case the town voted to *borrow money on five years credit*, to pay recruits, when the warning was to see if the town would vote to *raise a tax upon the grand list* to pay recruits. It is urged that this is not a substantial deviation, because the object, namely, " to pay recruits," was the same whether the money was raised in one manner or the other. The method, it is to be remembered, as well as the object of raising money, is a matter of substantial interest to the tax payers. Such of them as proposed to remove from town, or to convert their means into property exempt from taxation, may have been, on these accounts, more favorable to raising the public money on five years credit, while some may have favored immediate taxation in order to compel such parties to share the burden, and may have been opposed to the payment of bounties except upon such taxation. Any tax-payer might reasonably insist that the town should not at a special meeting warned to vote a tax, adopt a policy of creating a debt, as in this case, of twice its grand list. We cannot treat the vote as valid so far as it authorizes the selectmen to pay bounties and invalid as a loan. The payment of bounties was made by the warning contingent upon taxation to meet the payment. Each of the three articles contemplated taxation, and the disposal only of funds so raised. The town was not warned to see if they would vote to

pay recruits, but to see if they would vote to raise a tax to pay recruits.   If the vote as to the loan is invalid, the vote authorizing the selectmen to procure recruits at the charge of the town, without taxes, can be no better for it amounts to a loan, there being no funds on hand.   The latter would create a town debt by pledging the credit of the town to the soldier, the former, by borrowing money to pay the soldier.

We think the vote was unwarranted by the warning and gave the selectmen no authority to bind the town by a promise to pay the plaintiff a bounty.

Judgment reversed and cause remanded.