Hon. ASAHEL PECK,
Hon. BENJAMIN H. STEELE, } Assistant Judges.
Hon. JOHN PROUT,

---

PHILANDER L. WITHERELL *v.* TOWN OF FLETCHER.

*Soldier's Bounty. Towns.*

The quota of the defendant town, under the call of October 17, 1863, was twelve men. November 30, 1863, said town voted to pay $200 to each volunteer on said quota. The plaintiff re-enlisted in the field, and was mustered in December 21, and before said quota was full, and was at some time set to the credit of said town, but it did not appear that the plaintiff, when he re-enlisted, re-enlisted to the credit of said town, or had any knowledge that the town was paying a bounty, or had a quota to fill, or that he re-enlisted in expectation of receiving a bounty under an existing or contemplated vote of the town, or took any steps to have himself app'ied on said quota, and was not in fact applied on that quota, and neither the state nor town authorities had any knowledge, or means of knowledge, that would have enabled them to make the plaintiff available upon that quota until nearly a month after the quota was otherwise filled. *Held* that the plaintiff was not entitled to recover said bounty.

ASSUMPSIT, in five counts, to recover $200 town bounty. Plea, the general issue. Trial by the court, May term, 1869, WILSON, J., presiding.

47

The plaintiff offered the record of a vote of the defendant town, passed at a town meeting held on the 30th of November, 1863, together with the warning in pursuance of which the meeting was held. The vote is as follows, viz.:

"Voted that the town raise upon the grand list two hundred dollars to be paid to each volunteer who may enlist on the quota now called for from the town of Fletcher, to be paid when such volunteer is mustered into the service of the United States. And the selectmen shall be authorized to borrow upon the credit of said town the sum necessary to pay said sum of $200 to each volunteer so enlisted, until such time as a tax may be assessed, collected and paid into the treasury of said town."

The quota of the defendant town, under the call of October 17th, 1863, was twelve men. The plaintiff re-enlisted December 21, 1863, and was mustered in December 22, 1863. The plaintiff was applied on the quota assigned to the defendant town under the call of February 1st, 1864. Notice of the re-enlistment of the plaintiff was received at the office of the adjutant and inspector general on the 19th or 20th of January, 1864, and the defendant had such notice in two or three days afterwards. By an order of the government, the town was ordered to fill said quota of twelve men on or before the 5th day of January, 1864, and, in pursuance of said order, the defendant town procured twelve men to be enlisted to fill said quota, and all but one of them, viz. Riggs, were enlisted prior to December 21, 1863, and said Riggs was enlisted December 26th, 1863. Said twelve men were mustered in on the 31st day of December, 1863, at Brattleboro, Vt., to the credit of the town on said quota, and upon being so mustered in the town paid to each of said twelve men a bounty of $200, in pursuance of said vote. It appeared that no bounty was voted or paid by the defendants to the men who filled the quota of the town under the call of February 1st, 1864. It also appeared that the defendants had no notice of the re-enlistment of the plaintiff until after said twelve men were so mustered in, and about the last of January, 1864. There was no proof tending to show that the plaintiff caused notice of his re-enlistment to be given to the town, or that the town took any measures to obtain a knowledge of the plaintiff's enlistment, excepting as herein before stated. The plaintiff

claimed to recover the $200 bounty voted November 30th, 1863. The court decided, *pro forma*, that upon the foregoing facts the plaintiff was entitled to recover, and rendered judgment for the plaintiff to recover said last mentioned sum, with interest thereon, to which decision the defendants excepted.

*H. S. Royce*, for the defendants.

*Heath, Benton & Wilson*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. It appears from the case that, on the 17th of October, 1863, the President of the United States issued a call for three hundred thousand men; that under that call the quota of the defendant town was twelve; that on the 30th of November, 1863, the town voted to pay $200 to each volunteer who should enlist on that quota. On the 21st of December following, the plaintiff, being then in the service, re-enlisted, and was mustered in on the 22d of December. At that time the quota of the town was not full. On these facts the plaintiff seeks to recover.

There is nothing in the case to show that at the time the plaintiff re-enlisted he had any knowledge that the town was paying a bounty for volunteers, or had any quota to be filled, or that he re-enlisted in expectation or anticipation of receiving a bounty under an existing or contemplated vote of the town, or that he took any steps to have himself applied upon the quota of the town under said call, and he was not, in fact, applied upon such quota. And it also appears that neither the authorities of the state, or of the town, had any knowledge, or means of knowledge, that would have enabled them to make the plaintiff available upon that quota until nearly a month after the quota was otherwise filled, and the town discharged from all obligation under said call. The plaintiff took no steps to give notice to the officers of the town, or to cause such notice to be given, that they, by the exercise of reasonable diligence and caution, could have learned of his enlistment, and a knowledge of the fact only came to the adjutant-general's office on the 20th day of January, 1864, and to

the defendant about the last of that month, and a month after the quota was full. This court has never held that no notice in this class of cases was necessary, but only that the notice proved in certain cases was sufficient; but no case has been decided going the length necessary to cover the facts disclosed in this case. Again, there is nothing in the case to show that, at the time the plaintiff re-enlisted, he re-enlisted to the credit of the defendant town. For aught that appears, the credit to the town may have been made long subsequent to the enlistment, either upon his own motion, or that of the authorities, if he was in fact a resident of the town.ˋ His inducement to re-enlist may have been, solely, the liberal bounty and furlough offered by the authorities of the United States to veterans who would re-enlist. The length of time that elapsed after his re-enlistment before the adjutant-general was notified of his enlistment to the credit of the defendant town, would seem to favor this idea. Upon the facts, he certainly could not have been influenced by any expectation of a bounty from the town of Fletcher. Inasmuch as the plaintiff did not, in fact, apply on the quota, we think, upon the whole case, the plaintiff has failed to bring himself within either the letter or spirit of the vote, and that the judgment of the county court should have been for the defendant.

The judgment of the county court is reversed, and judgment rendered for the defendant for his cost.