HARVEY A. ATWOOD v. TOWN OF LINCOLN.

*Soldier's Bounty. Construction of Vote. Tax.*

A warning to see if a town will vote a tax for the purpose of paying a bounty does not authorize a vote to borrow money for this purpose.

A vote at a subsequent meeting to pay an additional bounty would not confirm and le-.galize the former invalid vote.

A town that fills its quota in good faith is not liable to pay a bounty to others who may have enlisted and been mustered in at an earlier date, but of which the town had no notice, when such enlistment was not applied on the quota.

ASSUMPSIT to recover a town bounty. Plea, general issue and trial by jury. PIERPOINT, Ch. J., presiding.

The plaintiff introduced in evidence the following papers:

1. Copy of order No. 2, from adjutant general's office, dated Nov. 2, 1863.

2. Copy of warning and proceedings of a town meeting holden in Lincoln, on the 12th of December, 1863. The warning was as as follows:

2d Article. To see if the town will vote a tax on the grand list of said town for the year of A. D. 1863, for the purpose of paying a bounty to volunteers who may enlist to fill the quota now called for from this town, to fill up old regiments, agreeably to the late call of the President for 300,000 men, and if so, how much.

It was voted under this article to borrow an amount named to pay to the men who should enlist, &c.

3. Copy of the warning and proceedings of a town meeting holden in Lincoln, on the 28th of December, 1863. The warning in this case was " to see if the town will vote an additional bounty to volunteers, and also how much," and the vote was to authorize and direct the town treasurer to pay, &c., $50 each, in addition to what was voted to pay on the 12th inst., &c.

4. Copy of record from Adjutant General's office, showing names of men credited to Lincoln, under call for 300,000 men.

5. Copy from same office from " town quota journal."

The plaintiff offered himself as a witness, and his evidence tended to show that he. was a soldier in the 5th Vermont Regiment, having originally enlisted from Lincoln. That in December, 1863, he was stationed with his regiment at Brandy Station in Virginia;

that on the 16th day of December, 1863, he re-enlisted, and caused himself to be credited to Lincoln ; that he was mustered in the 28th and 29th of December, and the muster was dated back to December 16th. That he had heard in some way before re-enlisting, that Lincoln was paying bounties ; that he obtained a furlough and went to Lincoln, arriving there on the 2d or 3d of January, 1864 ; that he saw Mr. Colby, one of the selectmen, on the day of his arrival, and told him that he (plaintiff) had enlisted to the credit of Lincoln, and had been mustered in the field. That Mr. Colby replied that he had on that day enlisted two men, who filled up the quota of the town.

The defendants offered evidence tending to show that the quota of Lincoln under the call in question being 15 men, the authorities had enlisted one man to apply on it after the first and before the second of the town meetings given in evidence by the plaintiff ; that immediately after the second town meeting, the selectmen proceeded to enlist the remaining men to fill the quota, 14 in number, the first of the 14 being enlisted on the 12th, and the last on the 29th of December. That the men so enlisted were taken to Brattleboro to be mustered by the United States authorities, where two of the men were rejected. That the places of these two men were immediately filled at Brattleboro, by the enlistment of two men on the 5th of January, who were accepted, and completed the quota of the town. That up to this time, none of the selectmen or agents of the town had any notice or knowledge that plaintiff had re-enlisted ; that they did not then know that re-enlisted men would be allowed to count, and were informed and supposed they would not. That they did not know the contrary till about the 20th of January, 1864, when they received from the Adjutant General a copy of a circular on the subject ; that to each of the men so by them enlisted, they paid a bounty of $300 as soon as mustered in, and became bound to each to pay it at the time of his enlistment, if he should be accepted.

The witness produced a paper showing the names of the men enlisted, and the dates of their enlistment. The plaintiff requested the court to charge : 

1. That the vote and action of the town subsequent to the meet-

Atwood *v.* Lincoln.

ing of December 12th, operated as a ratifica[t] of the proceed-
ings of December 12th, even though said proc[ ] [l]gs were invalid
by reason of a defect in the warning.

2. That the vote of December 28th was ge[ ] [a]nd direct, and
that the plaintiff should be entitled to recover [ ] [l]itional bounty
then voted in the absence of any express con[ ] [w]ith the select-
men of the town.

The court declined so to charge except, a[ ] [h]einafter stated,
but did charge the jury that the proceedings[ ] [of] the town, at the
meeting of the 12th of December, were, under the warning, not
valid to enable the plaintiff to recover. That the defect was not
cured by the proceedings of the subsequent meeting of the 28th
of December. But that plaintiff might recover the $50 voted on
the 28th of December, if the jury should find that he knew of that
vote, or acted on the faith of it in having himself credited to Lin-
coln, at the time he was finally mustered in. That although he
enlisted on the 16th, yet he might have changed his credit up to
the time he was actually mustered. But if the jury should find
that he enlisted and was mustered in without any knowledge of
that vote, and that the town had proceeded to fill up their quota,
as the defendant's evidence tended to show, before they had any
knowledge or notice of plaintiff's re-enlistment or claim, then the
plaintiff would not be entitled to receive the $50.

The jury returned a verdict for the defendants.

To the omission of the court to charge as requested, so far as
the court did so omit, and to the charge as given on the points
of the request, the plaintiff excepted. In other respects the
charge was such as the case required, and was not excepted to.

*A. V. Spaulding* and *J. W. Stewart*, for the plaintiff.

*E. J. Phelps*, for the defendants.

The opinion of the court was delivered by

REDFIELD, J. This action was assumpsit to recover a town
bounty.

The warning for the town meeting of December 12th, 1863, did
not authorize the town to vote to *borrow money*. *Black* v. *Col-*

*chester,* 39 Vt., 193. And the vote for that purpose imposed no obligation on the town.

The warning for the town meeting of December 28th did not authorize, nor did the town by its vote attempt to confirm and *legalize* the invalid proceedings of December 12th. The last vote authorized the town to pay a bounty of $50 to each volunteer who should be mustered into the service *to fill the quota,* &c.

The jury have found, under the charge of the court, that the plaintiff had no knowledge of this vote, and did not act in the faith of it, when mustered into the service ;— that the defendant town filled the quota with other men, without notice of plaintiff's enlistment or muster in. And it is quite apparent that the plaintiff was not " mustered into the service as *one of the quota* of this town, under the last call of the President."

If the votes of the town were both legal and valid, the plaintiff could not recover. The town had in good faith filled its quota without notice of plaintiff's enlistment. And it has been repeatedly adjudged by this court, that a town that fills its quota, in good faith, is not liable to pay a bounty to others, who may have enlisted, and been mustered in at an earlier date, but of which the town had no notice, when such enlistment was not applied on the quota.

The plaintiff has not brought himself within the terms of the vote. *Witherell* v. *Fletcher,* 42 Vt., 409.

The recent decisions of this court upon this question are brought together, collated and analyzed by BARRETT, J., in *Bucklin* v. *Sudbury,* 43 Vt., 700.

As we have no disposition to modify the rule of law that has been established, there is no need of repeating the reasons on which the rule is founded.

The judgment of the county court is affirmed.