[File No. 6745]

STATE OF NORTH DAKOTA EX REL. F. H. BRUNETTE, Petitioner, v. W. F. SUTTON, Roy T. Landbloom, Oscar Covert, D. A. Malstrom and Joe Speikermeier, as Members of the Board of County Commissioners, and F. Ford Doherty, County Auditor of Cass County, North Dakota, and C. H. Thue, Respondents, and

C. H. THUE, Respondent and Appellant.

(3 NW(2d) 106)

Opinion filed March 28, 1942. Rehearing denied April 10, 1942

*Fuller & Powers,* for petitioner.

*Roy K. Redetzke,* for respondents County Commissioners and County Auditor.

*Conmy & Conmy,* for respondent and appellant Thue.

NUESSLE, J. This is an appeal from a judgment in a certiorari proceeding. The controversy is with respect to the incorporation of a village pursuant to the provisions of the statute, §§ 3840 et seq., Comp. Laws 1913.

The following material facts appear: For many years there existed in Cass county a thriving country village, known as Horace. It was unplatted and unincorporated. In 1941 it contained a population of 172. It had a United States post office and other business places usually found in such a community.

In January, 1941, the petitioner Brunette and other citizens of this community, purporting to act pursuant to the statute, supra, proposed to incorporate a portion of this village as the Village of Horace. With that end in view they caused a survey and map to be made of the territory they intended to incorporate. They also caused a census to be taken of the population of this territory, and on January 20th filed an application by petition for the incorporation with the county auditor. This petition will be referred to hereinafter as Petition No. 1. At the same time they left at a convenient place within the territory proposed to be incorporated a blueprint of the survey and map, together with the census, for examination by anyone who might care to examine the same. The survey and map and census were left for examination until February 19, 1941, at which time, together with proof by affidavit of

their being so left, they were brought to the auditor's office and filed with the petition and application for incorporation. It appears from the map that the tract thus surveyed and proposed to be included within the incorporation contained 49.7 acres and lies east of the west boundary line of the right of way of the Northern Pacific railroad, which runs through the original village community of Horace. The census shows a population of 73,—thirty-six children and thirty-seven heads of families and electors. The petition for incorporation was signed by twenty-six of the latter. It also appears that a considerable portion of the territory proposed to be incorporated consists of a solid tract of unplatted farm land on which there are no buildings.

In the meantime, the petitioner Thue and other residents and taxpayers of the original village of Horace, learned of the proposed incorporation. They objected thereto and countered by proposing to incorporate the whole of the original village as the Village of Horace. To that end they procured a survey and map to be made of the territory they proposed to incorporate, which included all of the original village and comprised an area of 102.938 acres. This included the whole of the territory covered by Petition No. 1, excepting that portion which was farm land without buildings and which contained 27 acres. They circulated and procured signers to a petition to incorporate, which will be referred to hereinafter as Petition No. 2. They also took a census of the population of the territory in the proposed incorporation. This census showed a population of 172, consisting of eighty-seven children and eighty-five heads of families and electors. The petition for incorporation was signed by forty-five of the latter. On the 24th of January 1941, the survey, map and census, together with a notice that the petition and application praying for such incorporation would be filed with the auditor on February 26 and presented to and heard by the County Board at 10 o'clock A. M. on that day, or at such later time as the Board might receive and consider the same, were left for examination at a convenient place within the territory proposed to be incorporated. They remained there for that purpose until February 26, 1941. On that date proof thereof by affidavit was made as required by the statute. On February 11, the petition for incorporation, together with the survey, map, census, and notice of filing and hearing of the petition,

were filed with the county auditor. And, on the same date, the proponents of Petition No. 2 filed with the Board of County Commissioners an objection to the hearing of Petition No. 1 and a motion to postpone such hearing, supported by affidavit setting forth the reasons therefor, until such time as Petition No. 2 might be received and heard by the Board.

On February 19, the proponents of Petition No. 1 caused to be posted a separate notice that Petition No. 1 had been filed with the county auditor on January 20 and would be heard by the County Board on February 26 at 10 o'clock A. M., or as soon thereafter as the Board might receive and consider the same. Thus the two petitions were filed for presentation to the County Board—No. 1, including only a portion of the original village of Horace, and No. 2, including all of the original village and all of the territory covered by Petition No. 1 excepting the farm land heretofore referred to—both to be presented and heard at the same time.

On February 19, the County Board set both petitions for hearing on February 26. In the meantime, the Board sought advice with respect to the matter from the state's attorney of Cass county, and also from the attorney general. The question was as to whether both petiions having been filed, No. 1 some time before No. 2, and no action having been taken on either, the Board could receive both and pass upon and determine whether elections should be called on both petitions, or whether Petition No. 1 had priority because it was first filed. The attorney general's office advised that under the circumstances disclosed the Board could consider both petitions and order elections on both to be held on the same day and at the same time. The Board after hearing in the matter made its order in accordance with the opinion thus rendered, setting the elections to be held on March 11.

The petitioner Brunette was dissatisfied with the Board's action. So he applied to the district court of Cass county for a review by certiorari of the action of the Board respecting the incorporation as the village of Horace of the territory described in Petition No. 2. To that end he asked that the Board be required to certify to the court a transcript of the record of the proceedings made and had in the matter and that the order of the Board in that behalf be reviewed and held to be void and ineffective. This application was supported by affidavit set-

ting forth substantially the facts as heretofore stated with respect to Petition No. 2. It was further shown by this affidavit that both petitions for incorporation were presented to and considered by the Board on February 26, 1941, and that at that time the proceedings on said petitions were consolidated for hearing and heard simultaneously and both orders for incorporation were decided and agreed upon and entered by the Board as a single transaction, act and decision. The court thereupon issued its order directed to the members of the Board of County Commissioners and the county auditor and to the respondent Thue, all of whom were joined as parties respondent, to show cause why the application for review should not be granted.

In response to this order to show cause, the County Board and the county auditor made return admitting the matters of fact set out and contained in petitioners' application for review, and prayed that the application be denied and the action of the Board in the premises be declared valid and legal. The respondent Thue also made a return to the order, admitted the allegations set out and contained in the application as to the matters and things heretofore stated with respect to the making of the several petitions for incorporation and the action taken thereon, and, at the same time, made and served his cross petition for a review by the court of the action of the Board in making its order granting Petition No. 1 and prayed that the said order be held invalid and of no effect. Thereafter the several parties agreed that all the files and records relative to both petitions be certified to the court for review, and submitted the whole matter for determination on the record thus made and returned.

The court after a consideration of the record thus certified and submitted, held that under the facts thereby disclosed the County Board had jurisdiction in the first instance only to consider Petition No. 1; that until that petition had been disposed of no action could be taken with respect to Petition No. 2; that accordingly the order for an election made pursuant to Petition No. 1 was valid and effective and the order for an election on Petition No. 2 was null and void and of no effect, and that the cross petition be dismissed on the merits. Judgment was entered accordingly on March 8, 1941. No stay of proceedings was had. Thereafter, and on April 5, Thue perfected this appeal.

In support of the appeal it is urged that Petition No. 1 was defective and invalid in that no notice had been given of the presentation and hearing thereof; that accordingly the County Board never acquired jurisdiction of the matter; that the original village of Horace had been in existence for many years, recognized as such by the United States government by its designation of a post office thereat, and was commonly known throughout the state by that name; that accordingly no village could be incorporated with the name of Horace that did not include the original village; that Petition No. 2 was in all things regular and in compliance with the requirements of the statute and so had priority over Petition No. 1 and must be first considered and passed upon; that even if this were not so and both petitions were sufficient in form and substance, both were noticed to be presented and heard at the same hour of the same day, and public policy required that under the circumstances disclosed the Board might exercise its discretion and either order an election on Petition No. 2 which includes the whole of the community of Horace, or, if in the exercise of its discretion it decided so to do, the Board might, as in fact it did, order elections on both petitions to be held simultaneously.

On the other hand, the respondent Brunette first insists that the questions raised on the appeal are now moot and the appeal must therefore be dismissed. In support of this contention he shows by affidavit filed in this court that after the judgment from which the appeal was taken was entered, no stay of proceedings was had; that no appeal was perfected until April 5; that pursuant to the judgment an election on the question of the incorporation of the village of Horace, under Petition No. 1 was had on March 11; that at such election twenty voters— a majority of those residing within the territory proposed to be incorporated—voted in favor of the incorporation; that a return of the result of this election was certified to the Board of County Commissioners and that the Board thereupon declared the village duly incorporated under the name of Horace; that thereafter the village was organized, officers were elected and installed in office, and the village began and continues to function as a public corporation.

The respondent further contends that Petition No. 1 had priority because it was first filed with the County Board; that the petition was

in all things regular and in compliance with the requirements of the statute, and that the Board had no discretion in the premises but was required to grant the same; that since such petition had priority over Petition No. 2, the Board had no jurisdiction to consider and act upon Petition No. 2 until Petition No. 1 had been disposed of at an election to be called by the Board; that, accordingly, the Board exceeded its jurisdiction in ordering an election to be held on both petitions and that its order with respect to the election under Petition No. 2 was void and of no effect.

We are of the opinion that the motion to dismiss must be denied. The review in certiorari is limited to a determination as to whether the Board, whose action is questioned, acted within its jurisdiction. See §§ 8445, 1925 Supplement and 8453, Comp. Laws 1913; Bishop v. Depositors' Guaranty Fund Commission, 55 ND 178, 212 NW 828; Baker v. Lenhart, 50 ND 30, 195 NW 16. See also cases cited in the opinion of Judge Christianson in Mogaard v. Robinson, 48 ND 859, 187 NW 142. And that was the only question for determination by the court below in this case. The court held that the County Board had acted within its jurisdiction with respect to Petition No. 1 but beyond its jurisdiction with respect to Petition No. 2. Whether this holding was correct, is the only matter which we are now called upon to determine. It is true that pursuant to the affidavit filed in support of the motion to dismiss it appears that after the judgment of the district court was entered an election was held on the question of the incorporation of the village of Horace pursuant to the prayer of Petition No. 1, and that a majority of the electors within the proposed village voted in favor of such incorporation. It is likewise true that after the Board made its order declaring the incorporation pursuant to the terms of the statute, § 3848, Comp. Laws 1913, the village was organized and officers were elected and the village has since that time continued to function as such. The respondents insist that this being so there is at least a de facto village; that, in any event, the determination of this appeal cannot undo or otherwise affect the action taken by the County Board or by the electors in incorporating and organizing the village; that the propriety of the incorporation and organization of the village can only be challenged by the state in a quo warranto proceeding. How-

ever, these matters are all beside the question. If the County Board acted beyond and without jurisdiction, then what was done pursuant to that action is void and subject to challenge. But the judgment from which the instant appeal was taken sustains the action of the Board, and that judgment is final so far as all the parties here interested are concerned. Therefore, in order to enable them to proceed further, and if the circumstances warrant, to invoke the aid of the state in challenging the existence of the incorporated village, the judgment must be first reversed. Accordingly, this appeal is not moot and the motion must be denied.

We proceed then to an examination of the contentions urged in support of the appeal. In passing on the questions that are determinative it will be necessary to consider and construe the following sections of the statute:

"Section 3840. Persons intending to make application for the incorporation of a village as hereinafter provided shall cause an accurate survey and map to be made of the territory intended to be embraced within the limits of such village; such survey shall be made by a practical surveyor, and show the courses and distances of the boundaries thereof, and the quantity of land contained therein, the accuracy of which survey and map shall be verified by the affidavit of such surveyor written thereon or annexed thereto.

"Section 3841. Such persons shall cause an accurate census to be taken of the resident population of such territory as it may be, on some day not more than sixty days previous to the time of presenting such application to the board of county commissioners, as hereinafter provided; which census shall exhibit the name of every head of a family residing within such territory on such day and the number of persons then belonging to such family; and it shall be verified by the affidavit of the person taking the same.

"Section 3842. Such survey, map and census when completed and verified as aforesaid shall be left at some convenient place within said territory for examination by those having an interest in such application, for a period of not less than thirty days.

"Section 3843. Such application shall be by petition subscribed by the applicants, and also by not less than one-third of the whole number

of qualified voters residing within such territory; and such petition shall set forth the boundaries thereof, the quantity of land embraced according to the survey, and the resident population therein contained according to such census, and such petition shall have attached thereto or written thereupon affidavits verifying the facts alleged therein, and it shall be presented at the time indicated in the notice of such application or as soon thereafter as the board can receive and consider the same.

"Section 3844. The board of county commissioners on hearing such application shall first require proof either by affidavit or by oral examination of witnesses before them that the said survey, map and census were subject to examination in the manner and for the period required by § 3842; and if the board is satisfied that the requirements of this chapter have been fully complied with, it shall then make an order declaring that such territory shall, with the assent of the qualified voters thereof as hereinafter provided be an incorporated village by the name specified in the application aforesaid, which name shall be different from that of every other town in this state, and it shall also include in such order a notice for a meeting of the qualified voters resident in said proposed village at a convenient place therein to be named by them, on some day within one month therefrom, to determine whether such territory shall be an incorporated village."

The theory on which our system of government is predicated is that all political power is inherent in the people. Constitution of North Dakota, § 2. Consistent with this thought, in the organization of villages the inhabitants of the territory affected are clothed with the right to say whether there shall be an incorporation and what territory shall be included therein. So, pursuant to the statutes above quoted, while the County Board is given the authority to make orders incorporating villages, it in fact has little discretion in such matters. If the citizens affected by any proposed incorporation comply with the statutory requirements and show to the Board having jurisdiction that the same have been met, the Board must order an election to enable the electors to vote upon the question, and, if at that election, the incorporation is approved by a majority of those voting, the Board must approve of and declare the incorporation.

In the instant case there is no question but that the rival petitioners

complied with the requirements of §§ 3840, 3841, and 3842. But was there a compliance with the requirements of § 3843? The appellant here contends that the proponents of Petition No. 2 complied with the requirements of this section but that there was not such a compliance with respect to Petition No. 1. It is to be noted that § 3843 provides that the petition "shall be presented" to the County Board to whom the application is made *"at the time indicated in the notice of such application* or as soon thereafter as the Board can receive and consider the same." This is the only intimation in the statutes relating to the in-corporation of villages that notice of the presentation of an application for incorporation must be given. So it is urged by the respondents on this appeal that if the provisions of §§ 3840, 3841 and 3842, supra, are complied with, no other notice need be given. But no notice is given though these sections are complied with. And the theory of the statute is that every person interested shall have a right to know what is being attempted so he may be heard respecting anything that is done. That is why when a survey and map of the territory intended to be incor-porated have been made and a census taken, such survey and map and census must be exhibited for examination by those having an interest in such application for a period of not less than thirty days as required by § 3842. As was said in Red River Valley Brick Co. v. Grand Forks, 27 ND 8, 145 NW 725: "It is a fundamental element of American jurisprudence that parties are entitled to notice and hearing before their situation can be changed in a legal proceeding to their detriment, and before they can be deprived of their property or other rights. It can hardly be doubted that, with the change from one municipality to another, the increase in the rate of taxation which would necessarily follow, and the added burdens incident to becoming a part of a city as compared with those incident to the township, are material to the rights of the parties affected."

Now it stands to reason that the mere exhibition of a map and sur-vey and of the census of any particular territory must be in itself mean-ingless to anyone who has no knowledge of the purpose of such exhibi-tion. The only practicable way in which such knowledge could be imparted to those who might examine the map and census, would be by notice attached thereto. Accordingly, though the statutes fail to other-

wise specify that notice must be given, the provisions above quoted from § 3843 plainly impose this requirement. This notice thus required is as to the purpose of the map and survey and census and that an application by petition for incorporation is to be made and will be presented for hearing to the County Board at a time certain. Were any other construction put upon this provision the whole purpose intended to be subserved by the requirements of exhibition for examination would be wholly defeated. As well might there be no exhibition at all as an exhibition without notice of the purpose thereof. The survey, map and census must be exhibited for thirty days. It follows that the notice must likewise be given for the same period of time. So unless such notice be given the application and petition are not ripe for presentation to the County Board for its action in the premises. And if they cannot be presented the Board can acquire no jurisdiction over the matter.

In the instant case the respondent's petition was filed with the county auditor on January 20, and on the same date the survey, map and census were put on exhibition. But there was no notice of their purpose or of the time when it was proposed to present the petition and application to the Board. It is true that the survey, map and census had been completed and the petition signed on or before January 20, on which date the petition and application were filed with the county auditor, the clerk of the Board. But that was not sufficient. There is no provision in the statute for the filing of such papers. The date of presentation to the Board is the material date, and the act of presentation, if prior requirements have been met, is the act which gives the Board jurisdiction to hear and pass upon the application. It is true in the case of State ex rel. Johnson v. Clark, 21 ND 517, 131 NW 715, it is said in the syllabus: "The date of the filing with the board of county commissioners of a petition for village incorporation, and not the date of the petition itself, gives such board jurisdiction to act." The word "filing" is there used, but an examination of the opinion clearly shows that what in fact the court meant was "filing for presentation, or presentation." In that case the contest was between the city of Minot seeking to extend its boundaries by annexing adjacent territory, and the proposed village of North Minot, seeking to incorporate

the territory in question as a village. The city council had taken appropriate action on March 18, 1909, to initiate proceedings to annex the territory. The petitioners for the incorporation of the village of North Minot initiated their proceeding under §§ 3840 et seq., supra, on March 5 and presented their petition to the County Board on April 7. The city council had done all that it was required to do to acquire jurisdiction when it passed its resolution on March 18. See § 3753, Comp. Laws 1913. So far as the city was concernel, thereafter it was only necessary that notice be given and proceedings had pursuant to the provisions of § 3754, Comp. Laws 1913.

The question was as to whether the city had acquired jurisdiction by what it had done on March 18 and whether if it had the subsequent proceedings for the incorporation of the village of North Minot could be carried forward. The court held that these two matters could not be considered simultaneously but that the particular matter over which jurisdiction had been first acquired by the determining body, whether by the city under its proceedings, or by the County Board under the proceedings to incorporate the village, should be first disposed of; that the time jurisdiction was acquired in the village proceeding was not fixed by the date of the petition but by the date of its filing for presentation or presentation for hearing to the County Board; and that since the city had acquired jurisdiction in the matter on March 18 that jurisdiction had priority and must be exercised and the matter determined before the proceedings could be had by the County Board under its jurisdiction acquired on April 7.

As we have said above, the syllabus in the case states that "The date of the filing with the county board of a petition for village incorporation and not the date of the petition itself, gives such board jurisdiction to act." Manifestly, reading the opinion, no other meaning could have been intended by what is said therein than that the County Board acquired jurisdiction as of the date of the filing for presentation or presentation for hearing rather than as of the date of the petition itself. The petition could not be presented for hearing until it was ripe for action, and it was not ripe for action until the notice required by § 3843, supra, had been given. Applying this rule in the instant case the County Board acquired no jurisdiction over Petition No. 1 because

of the lack of notice of the time of its presentation and hearing. But the Board did acquire jurisdiction over Petition No. 2. So holding we need not pass upon the other contentions urged by the appellant.

The judgment appealed from must be and it is reversed.

BURR, Ch. J., and BURKE, MORRIS, and CHRISTIANSON, JJ., concur.