IN THE MATTER OF THE INCORPORATION OF THE CITY OF MESA VISTA, BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY, NEVADA, ON BEHALF OF SUNRISE MANOR AND PARADISE, UNINCORPORATED TOWNS OF CLARK COUNTY; COUNTY OF CLARK, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CITY OF NORTH LAS VEGAS, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; CITY OF HENDERSON, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA; AND CITY OF BOULDER CITY, NEVADA, A POLITICAL SUBDIVISION OF THE STATE OF NEVADA, AND CITIZENS AGAINST INCORPORATION, APPELLANTS, v. TONY PELHAM AND DONNA COX, RESPONDENTS.

No. 17969

October 10, 1988                              762 P.2d 879

*Rex Bell,* District Attorney and *James M. Bartley,* Chief Civil Deputy District Attorney, Clark County, for Appellant Board of County Commissioners of Clark County, Nevada.

*Roy A. Woofter,* City Attorney and *Lisa Conroy,* Deputy City Attorney, North Las Vegas, for Appellant City of North Las Vegas, Nevada.

*Shauna Hughes,* City Attorney and *Andrew J. Urban,* Assistant City Attorney, Henderson, for Appellant City of Henderson, Nevada.

*Bill Andrews,* City Attorney, Boulder City, for Appellant City of Boulder City, Nevada.

*Moran & Weinstock,* Las Vegas, for Appellants.

*Tony J. Pelham* and *Donna C. Cox,* In Proper Person, Respondents.

*George F. Ogilvie,* City Attorney, Las Vegas, for Amicus Curiae.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of the district court granting respondents' proper person petition and declaring the city of Mesa Vista duly incorporated. Because respondents' petition failed to give proper notice to the inhabitants of the proposed city as required by former NRS 266.020(3),[1] we reverse.

The east side of Las Vegas is presently divided into several unincorporated towns. Each of these towns has well defined and well known boundaries. Three of these towns are involved in this matter: East Las Vegas, Paradise and Sunrise Manor. These three towns share some common boundaries. The area which respondents wish to incorporate includes all of the present East Las Vegas and parts of Paradise and Sunrise Manor. There are presently (according to the most recent census) 12,958 inhabitants of the proposed area to be incorporated as the city of Mesa Vista.

Sometime in early 1986, respondent Tony Pelham and "numerous residents in East Las Vegas" began considering the possibility of incorporating the area of East Las Vegas. Under the statutes in effect in 1986, incorporation was effected by obtaining on a proper petition signatures of a majority of the qualified electors in the area proposed to be incorporated. *See* former NRS.

---

[1]Former NRS 266.020 was repealed by the legislature in 1987 as part of the legislature's complete revision of the statutes governing the incorporation of cities. *See* 1987 Nev. Stat., ch. 712 § 97 at 1733.

chapter 266. In order to be a qualified elector, a person had to be a registered voter and an owner of real property. *See* former NRS 266.020(1). Former NRS 266.020(3), however, required that a public meeting be held to discuss the topic of incorporation before any signatures could be obtained on a petition for incorporation. Therefore, on September 19, 1986, a notice of a public meeting to consider "incorporating the town of East Las Vegas" was published in the Las Vegas Review Journal and the Las Vegas Sun, newspapers of general circulation in Clark County. Also, a notice of the public meeting was posted in eighteen locations in the East Las Vegas area on September 18 and 19, 1986. The sufficiency of the notice of the September 29, 1986, meeting is the subject of this appeal.

A public meeting was held on September 29, 1986, for the purpose of considering whether to incorporate the town of East Las Vegas. Approximately one hundred persons attended. At this meeting, the name "Mesa Vista" was selected for the proposed city. Pelham and his volunteers obtained signatures on petitions for incorporation and, on October 20, 1986, believing that he had obtained sufficient signatures, Pelham filed his "petition for the declaration of the incorporation of the City of Mesa Vista" in the district court. Following several hearings, the district court granted Pelham's petition and declared the city of Mesa Vista duly incorporated. This appeal followed.

The boundaries of the proposed city of Mesa Vista include all of the present area of the unincorporated town of East Las Vegas, and portions of the unincorporated towns of Paradise and Sunrise Manor. Appellants contend that Pelham failed to give any notice to the residents of Paradise and Sunrise Manor of the September 29, 1986, meeting to consider the question of incorporating the city of Mesa Vista.

NRS 266.020(3) provided prior to its repeal in 1987 as follows:

> 3. No names may be subscribed to the application or petition for incorporation until after a public hearing on the issue of incorporation. Notice of the hearing must be published in a newspaper of general circulation and posted in three separate, prominent places within the area to be incorporated at least 10 days before the hearing.

There is no genuine issue raised as to respondents' literal compliance with the terms of this statute, *i.e.*, notice was published in two newspapers of general circulation in Clark County and notices of the hearing were posted in eighteen locations in the area. Some of these notices were posted within the boundaries of Paradise and Sunrise Manor. Nevertheless, appellants contend

that the content of the notices was insufficient to apprise residents of Paradise and Sunrise Manor that the proposed incorporation might affect them. Appellants contend that notice must include a description of the territory to be incorporated. *See, e.g.,* Public Serv. Comm'n v. Southwest Gas, 99 Nev. 268, 271, 662 P.2d 624, 626 (1983) ("[i]nherent in any notice and hearing requirement are the propositions that the notice will accurately reflect the subject matter to be addressed . . .").

The notice that ran in the newspapers on September 19, 1986, stated:

> Legal Notice: On September 29, 1986, at 7:00 p.m. there will be a public meeting held in the community building, 5700 E. Missouri, East Las Vegas, Nevada. *Incorporating the town of East Las Vegas* will be the topic of discussion pursuant to NRS 266.

(Emphasis added.) Similarly, the eighteen notices that were posted in the area stated:

> Attention: Special *East Las Vegas Town Meeting.*
> Agenda: *Incorporation*
> Monday, Sept. 29, 1986—7:00 p.m.
> East Las Vegas Community Center
> 5700 Missouri Ave.

(Emphasis added.) These notices do not make any reference to the fact that the proposed city would include portions of Paradise and Sunrise Manor. Because East Las Vegas is an existing town with well defined boundaries, residents of Paradise and Sunrise Manor would not suspect that the "incorporation of East Las Vegas" might affect them.

The inclusion of portions of Paradise and Sunrise Manor in the proposed new city resulted in a substantial increase in the population, territory and tax-base over that which would be involved in the incorporation of the town of East Las Vegas alone. Thus, it was important that some indication in the notice be given that the area to be involved was not East Las Vegas only. Other states have held that a proper notice is absolutely essential to the validity of any petition to create a municipal corporation. *See, e.g.,* Val d'Gore, Inc. v. Town Council of Town of Vail, 566 P.2d 343 (Colo. 1977) (where notice of proposed annexation included indefinite and uncertain description of municipal boundaries, notice was ineffective as to persons whose property was not properly described); State v. Owens, 109 So. 423 (Fla. 1926) (boundaries of municipal governments must be well-defined, and notice which did not give boundaries was ineffective under statute which required notice to include boundaries); Dickerson v.

Sharpe, 164 S.W.2d 945 (Ky. 1942) (notice requirement was strictly construed and argument that the purpose of notice had been satisfied was rejected where proper notice had not been given); State v. Sutton, 3 N.W.2d 106 (N.D. 1942) (where statutes did not expressly require notice, court implied notice requirement because a fundamental element of American jurisprudence is that persons interested in a legal proceeding which may affect their rights must be given notice); State v. Herschberger, 201 P. 2 (Wash. 1921) (action to incorporate city was held void where notice did not specify the boundaries of the proposed city).

Former NRS 266.020(3) did not expressly require that the notice of the public meeting give an accurate description of the boundaries of the proposed city. Nevertheless, a proper notice must, at the very least, apprise the individuals who are likely to be affected by the proposed action that their rights may be involved. *See* Public Serv. Comm'n v. Southwest Gas, 99 Nev. 268, 271, 662 P.2d 624, 626 (1983). "There are few, if any, acts of state bearing upon individuals . . . more important than those which determine their liberty to be included in particular municipalities. . . ." St. Ex Rel. Quimby v. City Reno, 71 Nev. 144, 157, 282 P.2d 1071, 1077 (1955) (citation omitted); *see* Territory ex rel. Kelly v. Stewart, 23 P. 405 (Wash. 1890). In this case, the residents of Paradise and Sunrise Manor were notified that a neighboring town was considering incorporation. They were never notified that they would be included in the proposed city.[2]

Former NRS Chapter 266 allowed for the incorporation of new cities without an election. Essentially, the signatures on the petition took the place of an election. When the petition itself is the basis for the legal action to be taken, rather than the precursor of other action such as an election, the petition is a form of election, and must be closely scrutinized. *See* St. Ex Rel. Quimby v. City Reno, 71 Nev. 144, 282 P.2d 1071 (1955). Strict compliance with the statute is mandatory. We conclude that respondents' petition did not comply with former NRS 266.020(3), because proper notice was not given to a significant

---

[2]Pelham argues that, in addition to the required statutory notice, Channel 8 television ran two broadcasts of a news program where Pelham discussed the possibility of incorporating East Las Vegas, and showed the map of the proposed city of Mesa Vista. The name of this news program, however, was "Incorporation of East Las Vegas." There is no indication in the record that this program included notice to the residents of Paradise and Sunrise Manor that the incorporation would directly affect them.

number of the residents of the proposed city. The petition was therefore invalid, and the district court erred in granting the petition. In light of this conclusion, it is unnecessary to reach the remaining contentions and arguments raised by the parties. We reverse the judgment of the district court.[3]

---

[3]In light of this opinion, we deny as moot Pelham's requests for leave to appear and orally argue this appeal in proper person.